| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) ss. | SECOND JUDICIAL DISTRICT |
| COUNTY OF CARBON | ) | Civil Action No. 22-34 |

IRON BAR HOLDINGS, LLC, a
North Carolina limited liability
company registered to do business
in Wyoming,

        Plaintiff,

v.

BRADLEY H. CAPE, ZACHARY M. SMITH,
PHILLIP G. YEOMANS, and
JOHN W. SLOWENSKY,

        Defendants.

STATE OF WYOMING
COUNTY OF CARBON ss.
FILED
FEB 1 5 2022
MARA M. SANGER
CLERK OF DISTRICT COURT
BY_____
DEPUTY

## COMPLAINT FOR DECLARATORY JUDGMENT & CIVIL TRESPASS

    COMES NOW Plaintiff, Iron Bar Holdings, LLC, by and through its undersigned attorneys, Pence and MacMillan LLC, and for its complaint against Defendants Bradley H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky hereby states and alleges as follows:

### INTRODUCTORY STATEMENT

    This case is a declaratory judgment and civil trespass action in which Plaintiff seeks a declaration from the Court that Defendants committed a civil trespass on real property owned by Plaintiff. Defendants carried out a so-called "corner crossing" by which they intentionally and knowingly traveled from real property managed by the United States Department of Interior

Bureau of Land Management ("BLM"), across Plaintiff's real property and then onto BLM-managed land in an area of Carbon County, Wyoming commonly known as the "checkerboard." In the checkerboard area, two sections of privately-owned real property lie diagonally adjacent to two sections of federal public land managed by the BLM. Defendants used a custom-built device to cross from one section of BLM-managed land, across Plaintiff's two sections of private land, and then onto an adjacent BLM-managed section of land. Upon information and belief, Defendants contend that they have a right to carry out the "corner crossing," which Plaintiff denies.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Iron Bar Holdings, LLC, is a North Carolina limited liability company registered to do business in Wyoming. Said Plaintiff owns certain real property located in Carbon County, Wyoming. Plaintiff Iron Bar Holdings, LLC sometimes does business as Elk Mountain Ranch.

2. Upon information and belief, Defendant Bradley H. Cape, date of birth 1991, is of-age, is an individual natural person, and is a resident of the state of Missouri.

3. Upon information and belief, Defendant Zachary M. Smith, date of birth 1998, is of-age, is an individual natural person, and is a resident of the state of Missouri.

4. Upon information and belief, Defendant Phillip G. Yeomans, date of birth 1971, is of-age, is an individual natural person and is a resident of the state of Missouri.

5. Upon information and belief, Defendant John W. Slowensky, date of birth 1974, is of-age, is an individual natural person, and is a resident of the state of Missouri.

6. A dispute, case, and controversy exist between Plaintiff and Defendants.

7. This Court has jurisdiction over this action pursuant to Article 5, Section 10 of the Wyoming Constitution and Wyo. Stat. Ann. § 1–37–102.

8. The real property and property rights that are the subject of this action are located in Carbon County, Wyoming.

9. Venue is appropriate in Carbon County, Wyoming by virtue of Wyo. Stat. Ann. §§ 1-5-101, 1-5-104, and 1-5-107.

**GENERAL ALLEGATIONS**

10. Plaintiff restates each and every allegation contained in Paragraphs 1 through 9 above as if fully set forth herein.

11. Plaintiff owns certain real property located in Carbon County, Wyoming (hereinafter the "Property"), as set forth in Exhibit 1, attached hereto and incorporated herein by this reference.

12. At all times relevant hereto, Plaintiff owned, controlled, and possessed the Property where Defendants committed a criminal trespass and a civil trespass.

13. Plaintiff's Property in question is fenced and/or posted.

14. Several No Trespassing signs are located on Plaintiff's Property, clearly visible to others, to attempt to keep unauthorized persons from entering the Property.

15. Defendants have no right, title, or interest of any type or nature in Plaintiff's Property, whether as owners, equitable owners, easement owners, guests of the BLM, invitees of the BLM, tenants, users, corner-crossers, possessors, members of the public, or otherwise. Defendants have no right or privilege, whether express or implied, to use and/or access the BLM-managed lands by crossing Plaintiff's Property.

3

16. On or about September 26-30, 2021, Defendants entered upon and across Plaintiff's Property by way of a "corner crossing" in order to hunt big game animals. Upon information and belief, Defendants may have entered upon and across Plaintiff's Property on other dates, to be determined during the course of discovery in this matter. "Corner crossing" occurs when two pieces of public land diagonally share a corner with two pieces of private land, and a person crosses from one piece of public land, diagonally across the two parcels of private property, and onto an adjacent piece of public land. In order to carry out a "corner crossing," the person must physically travel across the privately-owned real property.

17. Specifically, Defendants built a ladder-like device and used said device to cross two sections of Plaintiff's Property in order to hunt on an adjacent BLM-managed section of real property.

18. Plaintiff has a right to exclusive control, use, and enjoyment of its Property, which includes the airspace at the corner, above the Property. For purposes of this Complaint and under controlling law, the Property includes the airspace above the surface of the land, the surface of the land, and the subsurface below.

19. Plaintiff owns and controls the airspace above its real property, and is entitled to exclude others from the use of that airspace by a "corner crossing."

20. Defendants knowingly, intentionally, and purposely interfered with Plaintiff's right to use, control, and enjoy its Property by "corner crossing" through the Property and trespassing across the Property, even if Defendants did not step onto the surface of the Property.

21. Defendants' intentional entry upon the Property was committed without Plaintiff's permission or acquiescence and was a trespass upon the Property.

4

22. As a result of Defendants' trespass upon Plaintiff's Property, Plaintiff has suffered damages in an amount to be proven at trial, in an amount exceeding the minimal jurisdictional limit of this Court, plus costs, expenses, and fees.

**FIRST CLAIM FOR RELIEF--DECLARATORY JUDGMENT**

23. Plaintiff restates each and every allegation contained in Paragraphs 1 through 22 above as if fully set forth herein.

24. This Court has jurisdiction over this action under the provisions of the Wyoming Uniform Declaratory Judgments Act, Wyo. Stat. Ann. § 1-37-101 et seq., in that Plaintiff is a person interested in determining its rights pertaining to real property upon which Defendants have trespassed, and desires to obtain a declaration of its rights with respect to Defendants' conduct at issue herein.

25. Plaintiff was and is, and at all times relevant to this Complaint, the owner of the real property described in Exhibit 1 hereto, including but not limited to the airspace above the surface of such real property.

26. A justiciable dispute, case, and controversy exists between Plaintiff and Defendants concerning the rights to and possession, use, and control of the Property, including the airspace. By Exhibit 1 hereto, Plaintiff has provided sufficient evidence of its ownership, control, and possessory interest in the Property, and Defendants' actions in carrying out a "corner crossing" is a trespass upon the Property.

27. Entry of a declaratory judgment by this Court will serve to remove uncertainty and terminate the controversy between the parties, and will resolve those issues relevant to title, possession, and rights concerning the Property at issue.

5

28. Adjudication by the Court of the dispute, case, and controversy will resolve any legal questions as to the ownership, possession, and control of the airspace above Plaintiff's Property and will confirm that Defendants had no right to cross the Property and to carry out a "corner crossing."

29. The Court should enter a declaratory judgment as to the parties' respective rights and obligations in the subject matter of this litigation.

30. Defendants have no right to own, possess, control, use, interfere with, or cross (even temporarily) Plaintiff's Property. The Court should declare as such.

31. Defendants have no express or implied right of access or easement upon or across Plaintiff's Property to get to adjoining public lands. The United States Supreme Court rejected such an argument when made by the United States government, regarding lands in the checkerboard in Wyoming; if the United States has no such right, then certainly no private citizen has such a right.

32. Defendants have no right, title, or interest of any type of nature in the Property owned by Plaintiff, whether as owners, equitable owners, easement owners, guests of the BLM, invitees of the BLM, tenants, users, corner-crossers, possessors, members of the public, or otherwise. The Court should declare as such.

33. The Court should declare that none of the Defendants have a right or privilege to cross or otherwise demand entry upon or across Plaintiff's Property.

34. The Court should require Defendants to account for and describe in detail any act or omission that any one of them has taken at any time with respect to Plaintiff and/or its real property.

35. The Court should declare that any act or omission taken by any of the Defendants with respect to ownership, authority to enter, cross, use, and/or control of the Property was done without legal authority and was void *ab initio*.

36. The Court should declare that Defendants trespassed upon Plaintiff's Property and caused damage to Plaintiff thereby.

37. The Court should enter an order requiring Defendants to pay damages to Plaintiff in an amount to be proven at trial, plus costs, expenses, and fees as may be allowed by law.

**SECOND CLAIM FOR RELIEF--CIVIL TRESPASS, INJUNCTION**

38. Plaintiff restates each and every allegation contained in Paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff was and is, and at all times relevant to this Complaint, the owner of the Property described in Exhibit 1 hereto.

40. Plaintiff was and is, and at all times relevant to this Complaint, the exclusive owner, occupier, possessor, and controller of the Property, with a right to exclude others therefrom.

41. At all times relevant herein, Plaintiff was in lawful and exclusive possession and control of the Property.

42. At all times relevant hereto, none of the Defendants possessed any right, privilege, title, or interest of any type of nature in the Property owned by Plaintiff, whether as owners, easement owners, equitable owners, guests of the BLM, invitees of the BLM, tenants, possessors, users, corner-crossers, possessors, members of the public, or otherwise.

43. On or about September 26-30, 2021, while Plaintiff was in lawful possession, custody, and control of the Property, Defendants made an unauthorized, willful, and intentional

7

entry upon the Property by way of a "corner crossing," knowing they were crossing Plaintiff's Property.

44. The ability of Defendants to be upon and use public lands does not carry or include any right or privilege whatsoever, whether express or implied, to cross private property to get to adjoining public lands.

45. Defendants' unauthorized entry upon and across the Property was made without Plaintiff's permission, consent, or acquiescence.

46. Defendants' unauthorized entry upon and across the Property was willful, purposeful, knowing, and intentionally done, as the Property was fenced or posted, and "No Trespassing" signs were posted in a plain and visible manner in the area in question.

47. In violating Plaintiff's property rights, Defendants acted maliciously and oppressively toward Plaintiff in that at all times prior to, during, and after Defendants committed such "corner crossing" trespass, the Defendants had knowledge of the location of the public and private property boundary lines.

48. Defendants' unauthorized entry and trespass clouds the title to Plaintiff's Property and Plaintiff has suffered damages for interference with the exclusive use, possession, and control of such Property, in an amount to be proven at trial.

49. As a direct and proximate result of Defendants' actions, Plaintiff suffered and will continue to suffer damage for the loss of the use, custody, possession, and control of the Property as long as Defendants continue or threaten to continue unauthorized entry and trespass upon and across Plaintiff's Property.

50. Unless Defendants are compelled to cease from trespassing on Plaintiff's Property and violating Plaintiff's property rights, Plaintiff will suffer irreparable injury.

51. The Defendants are actively carrying out a campaign to solicit funds to defend their improper and unlawful actions, and upon information and belief may intend to encourage other persons to carry out unlawful "corner crossings" upon Plaintiff's Property.

52. The Court should enter an order requiring Defendants to pay damages to Plaintiff in an amount to be proven at trial.

53. The Court should enter an order restraining Defendants from carrying out any "corner crossings" across Plaintiff's Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor as follows:

A. The Court should declare that Defendants have no ownership interest, privilege, or right to control, use, possess, or cross the real property owned by Plaintiff.

B. The Court should enter a declaratory judgment as described in the First Claim for Relief set forth above, in favor of Plaintiff.

C. The Court should enter an order requiring Defendants to account for any act or omission taken with respect to the Property.

D. The Court should enter an order requiring Defendants to pay damages to Plaintiff, in an amount to be proven at trial, for trespassing upon and interfering with Plaintiff's use, control, possession, and enjoyment of the Property.

E.  To the fullest extent, the Court should require Defendants to pay the attorneys' fees, costs, and expenses incurred by Plaintiff in this litigation, as may be allowed by law.

F.  The Court should provide other just and appropriate relief to Plaintiff, the premises considered.

DATED this 11th day of February, 2022.

M. Gregory Weisz, Wyo. Bar No. 6-2934
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 634-0336 fax
gweisz@penceandmac.com
Plaintiff's Attorneys

# WARRANTY DEED

**Elk Mountain Ranch Company, a Limited Liability Company**, a/k/a Elk Mountain Ranch, LLC, ("Grantor") for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration in hand paid, receipt whereof is hereby acknowledged, conveys and warrants to **Iron Bar Holdings, LLC**, a North Carolina limited liability company, whose address is 16 N. Fifth Avenue, Wilmington, NC 28401, ("Grantee") the Real Property, situated in Carbon County and State of Wyoming, described on Exhibit "A" attached hereto and made a part hereof by this reference.

TOGETHER WITH all buildings and improvements thereon situate and appurtenances thereunto belonging.

TOGETHER WITH all of Grantor's rights, title and interest in and to all minerals and mineral rights, if any, including but not limited to oil, gas, coal, rocks, sand, gravel, and other minerals, located in, on, or under the Real Property.

TOGETHER WITH all of Grantor's rights, title and interest, if any, in and to all easements, rights-of-way, and rights to same belonging and inuring to the benefit of the Real Property, and in and to all strips and gores of land lying between the Real Property and adjoining property or streets, roads, or highways, open or proposed.

TOGETHER WITH all of Grantor's rights, title and interest, but without warranty, in and to all water and water rights, wells and well rights, ditches and ditch rights, reservoirs and reservoir rights, reservoir permits belonging or in any way appertaining to the Real Property.

SUBJECT, HOWEVER, to all easements, use agreements, reservations, restrictions and rights-of-way of record or apparent upon the ground.

WITNESS their hands this 18th day of November, 2005.

Grantor:
**Elk Mountain Ranch Company, a Limited Liability Company** a/k/a Elk Mountain Ranch, LLC, by Elk Mountain Holdings Company, a Limited Liability Company, its manager

By: _____
Peter E. Thieriot, Manager

0917180  B-1092 P-0191   11/18/2005   03:17 PM   PG  1 of 4      Fee $ 68.00
Linda A. Smith, CARBON COUNTY CLERK

Exhibit 1
Page 1 of 5
See page 4 for legal desc.

STATE OF WYOMING )
: ss
COUNTY OF CARBON )

On this 18 day of November, 2005, before me personally appeared Peter E. Thieriot, to me personally known, who, being by me duly sworn, did say that he is the Manager of Elk Mountain Holdings Company, a Limited Liability Company, the manager of Elk Mountain Ranch Company, a Limited Liability Company, a/k/a Elk Mountain Ranch, LLC, and that said instrument was signed and sealed on behalf of said limited liability company by authority of its members and said Peter E. Thieriot acknowledged said instrument to be the free act and deed of said limited liability company.

Given under my hand and notarial seal this 18 day of November, 2005.

_____
Notary Public

My commission expires: May 2, 2008.

0917180  B-1092 P-0191   11/18/2005   03:17 PM   PG  2 of 4    Fee $ 68.00
Linda A. Smith, CARBON COUNTY CLERK

Exhibit 1
Page 2 of 5

ALTA COMMITMENT - 1982 - WY

Commitment No.: C45319

EXHIBIT "A"

The land referred to in this commitment is situated in the State of Wyoming, County of Carbon, and is described as follows:

**PARCEL I:**
**TOWNSHIP 19 NORTH, RANGE 81 WEST, 6TH P.M., CARBON COUNTY, WYOMING**
Section 5: All
Section 7: All

**TOWNSHIP 20 NORTH, RANGE 81 WEST, 6TH P.M., CARBON COUNTY, WYOMING**
Section 3: All that portion lying South of that certain parcel of land conveyed to The State Highway Commission of Wyoming and more particularly described in Warranty Deed recorded May 9, 1967, in Book 489, Page 306, Records of Carbon County, Wyoming,

EXCEPTING THEREFROM that parcel of land as conveyed to The Nature Conservancy by Warranty Deed recorded December 15, 1998, in Book 964, Page 294, Records of Carbon County, Wyoming.
Section 4: N½S½, Lots 1, 2, 3, and 4
Section 6: SE¼
Section 7: All
Section 8: NE¼, SW¼, S½NW¼, NE¼NW¼
Section 9: All
Section 10: All
Section 11: All that portion lying South of that certain parcel of land conveyed to The State Highway Commission of Wyoming and more particularly described in Warranty Deed recorded May 9, 1967, in Book 489, Page 306, Records of Carbon County, Wyoming, EXCEPTING THEREFROM that parcel of land as conveyed to Road 400 Properties, LLC, by Quitclaim Deed recorded December 1, 1998, in Book 964, Page 102, Records of Carbon County, Wyoming.
Section 14: NW¼
Section 15: All
Section 17: All
Section 18: SE¼
Section 19: All
Section 20: N½, N½S½, S½SE¼, SE¼SW¼
Section 21: All
Section 27: All
Section 29: All
Section 31: All
Section 33: All

**TOWNSHIP 21 NORTH, RANGE 81 WEST, 6TH P.M., CARBON COUNTY, WYOMING**
Section 31: All that portion lying South of that certain parcel of land conveyed to The State Highway Commission of Wyoming and more particularly described in Warranty Deed recorded May 9, 1967, in Book 489, Page 306, Records of Carbon County, Wyoming.
Section 33: All that portion lying South of that certain parcel of land conveyed to The State Highway Commission of Wyoming and more particularly described in Warranty Deed recorded May 9, 1967, in Book 489, page 306, Records of Carbon County, Wyoming.
Section 34: SW¼
Section 35: All that portion lying South of that certain parcel of land conveyed to The State Highway Commission of Wyoming and more particularly described in Warranty Deed recorded May 9, 1967, in Book 489, page 306, Records of Carbon County, Wyoming, EXCEPTING AND EXCLUDING THEREFROM those portions of Sections 31, 33 and 35, Township 21 North, Range 81 West, 6th P.M., shown as reserved to the Union Pacific Railway Company in Warranty Deed recorded October 28, 1895, in Book 33, page 447, Records of Carbon County, Wyoming.

(Exhibit A - CONTINUED ON NEXT PAGE)

11/03
0917180  B-1092 P-0191   11/18/2005   03:17 PM   PG  3 of 4    Fee $ 68.00
Linda A. Smith, CARBON COUNTY CLERK

Exhibit 1
Page 3 of 5

ALTA COMMITMENT - 1982 - WY

Exhibit A, Continued

Commitment No. C45319

TOWNSHIP 19 NORTH, RANGE 82 WEST, 6TH P.M., CARBON COUNTY, WYOMING
Section 1: All
Section 2: W½, W½E½
Section 3: All
Section 10: That portion East of the existing fence line more particularly described as follows:

Beginning at a point on the South line of said Section 10 that bears N89°38'40"E, 3185.18 ft. East of the Southwest corner of said Section 10; Thence N79°53'46"W, 746.18 ft. to a point; Thence N83°56'48"W, 1046.14 ft. to a point; Thence N11°58'10"W, 554.66 ft. to a point; Thence N02°23'05"E, 606.01 ft. to a point; Thence N16°57'07"W, 196.18 ft. to a point; Thence N07°22'51"E, 54.34 ft. to a point; Thence N15°45'30"W, 260.20 ft. to a point; Thence N03°40'34"W, 406.01 ft. to a point; Thence N03°44'55"E, 431.91 ft. to a point; Thence N22°22'11"W, 138.28 ft. to a point; Thence N09°46'29"E, 149.34 ft. to a point; Thence N12°04'49"W, 494.65 ft. to a point; Thence N63°54'18"W, 178.29 ft. to a point; Thence N29°39'50"W, 707.24 ft. to a point; Thence N46°49'33"W, 362.76 ft. to a point; Thence N19°17'25"W, 299.18 ft. to a point; Thence N13°26'19"W, 299.82 ft. to a point; Thence N02°24'03"W, 268.23 ft. to a point on the North line of said Section 10 which bears N1°15'50"E, 5281.30 ft. from the Southwest corner of said Section 10.

Section 11: All
Section 13: All
Section 14: N½N½, S½NW¼, SW¼NE¼, NW¼SE¼, N½SW¼, SW¼SW¼
Section 15: All, EXCEPTING THEREFROM that portion conveyed by Warranty Deed to Kimbell, Inc., a Nevada corporation, recorded November 26, 1996, in Book 936, Page 327, Records of Carbon County, Wyoming.

TOWNSHIP 20 NORTH, RANGE 82 WEST, 6TH P.M., CARBON COUNTY, WYOMING
→ Section 13: All
Section 15: All
Section 21: All
Section 22: All
→ Section 23: All
Section 25: All
Section 27: All
Section 28: N½, SE¼
Section 33: All
Section 35: All

**Two private sections at issue owned by Iron Bar**

PARCEL II:
A tract of land in the NE¼ of Sec. 11, Township 20 North, Range 81 West, Carbon County, Wyoming, more completely described as follows:

Beginning at a point monumented with a 5/8 rebar and Al. cap in a SE/NW fenceline along the South of the Rattlesnake Pass County Road which bears S73°18'24"E, 3359.12 ft. from the Northwest corner of said Sec. 11; Thence S63°52'02"E, 1039.59 ft. along said fenceline to a point monumented with a 5/8 rebar and Al. cap; Thence S52°53'47"E, 42.79 ft. to a point monumented with a 5/8 rebar and Al. cap; Thence S27°42'04"W, 239.08 ft. to a point monumented with a 5/8 rebar and Al. cap; Thence S52°48'05"W, 149.90 ft. to a point monumented with a 5/8 rebar and Al. cap; Thence N65°25'32"W, 961.70 ft. to a point monumented with a 5/8 rebar and Al. cap; Thence N33°54'40"E, 246.79 ft. to the point of beginning.

0917180  B-1092 P-0191  11/18/2005  03:17 PM  PG 4 of 4  Fee $ 68.00
Linda A. Smith, CARBON COUNTY CLERK

11/91

14



Exhibit 1
Page 4 of 5

