M. Gregory Weisz, Wyo. Bar #6-2934
Crystal D. Stewart, Wyo. Bar #7-6057
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY  82003-0765
Phone:   (307) 638-0386
gweisz@penceandmac.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

IRON BAR HOLDINGS, LLC, a North
Carolina limited liability company registered
to do business in Wyoming,

      Plaintiff,

      vs.

BRADLEY H. CAPE, an individual,
ZACHARY M. SMITH, an individual,
PHILLIP G. YEOMANS, an individual, and
JOHN W. SLOWENSKY, an individual,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 22-CV-00067-SWS

---

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

---

**COMES NOW** Plaintiff, Iron Bar Holdings, LLC, by and through its attorneys, Pence and MacMillan LLC, and hereby submits this Memorandum in Support of Motion for Remand, said Plaintiff's Motion For Remand being filed contemporaneously herewith.

## INTRODUCTION

Plaintiff filed this action in Wyoming state district court in Carbon County, Wyoming, asserting state law claims for declaratory judgment and civil trespass against all four Defendants. The *Defendants' Petition for Removal,* ECF No. 1, ("Removal Petition") is an attempt to impermissibly derail state court proceedings; Defendants cannot demonstrate subject matter

jurisdiction in this Court.   Plaintiff's action, filed in the District Court, Second Judicial District, Carbon County, Wyoming, arises under Wyoming law.  In their removal of this action, Defendants raise federal defenses that are, at best, speculative.  Alternatively, Defendants removed this action claiming diversity jurisdiction, but make only threadbare allegations that the amount in controversy exceeds the jurisdictional requirement for diversity jurisdiction in federal court.

## STATEMENT OF ISSUES PRESENTED

1. This Court does not have subject matter jurisdiction under the "complete preemption exception" to the well-pleaded complaint rule, as there is no established federal law that preempts Plaintiff's state law claims.

2. This Court does not have subject matter jurisdiction under the "substantial federal question" exception to the well-pleaded complaint rule, as Plaintiff's Complaint pleads only state law claims and does not rely on any federal statute or duty created by federal law.

3. This Court does not have subject matter jurisdiction under federal common law, as this lawsuit does not implicate uniquely federal interests.

4. This Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a), where the amount in controversy is not evident from the allegations of the Complaint or Removal Petition.

## BACKGROUND

This dispute arose in September 2021, when Defendants trespassed upon or across Plaintiff's private property.  On February 15, 2022, Plaintiff filed its *Complaint for Declaratory Judgment and Civil Trespass* (the "Complaint") in the District Court, Second Judicial District, Carbon County, Wyoming, asserting a cause of action for declaratory judgment with respect to

ownership, authority to enter, cross, use, and/or control of Plaintiff's property and a cause of action for civil trespass with respect to Defendants' violation of Plaintiff's property rights. *See Complaint* pp. 5-9, ECF No. 2.

The issue giving rise to Plaintiff's state law claims stems from Defendants' trespass on, and unlawful entry upon/across, Plaintiff's private property. *Complaint* ¶ 16.  Nowhere in the Complaint does Plaintiff allege Defendants violated a federal statute or federal common law right. Nor does Plaintiff aver that Defendants are prohibited from lawfully entering public lands.  While it is true Defendants trespassed across Plaintiff's property to reach land managed by the federal Bureau of Land Management ("BLM"), that fact is of no consequence to the jurisdictional analysis here.  If the other parcels of land bordering Plaintiff's property were owned by another private property owner, instead of the BLM, the Complaint's allegations of trespass would remain the same.

Notwithstanding that Plaintiff's claims pertain <u>only</u> to Defendants' trespass on Plaintiff's property, Defendants removed the case to this Court, claiming a supposed federal question and/or diversity jurisdiction.   Defendants contend a federal question is raised because Plaintiff purportedly attempted to obstruct free passage over, through, or between federal public lands. *Removal Petition* ¶ 29.  This is false.  Second, Defendants claim, in the alternative, that this case is removeable pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. *Removal Petition* ¶ 130.  But Defendants' bare allegation that the amount in controversy exceeds the jurisdictional threshold is insufficient to establish subject matter jurisdiction.

Contrary to Defendants' assertions, Plaintiff's Complaint arises under Wyoming law and addresses only Plaintiff's right to exclusive possession and control of its private property, so as to

lawfully exclude others.  Defendants mischaracterize Plaintiff's Complaint as an attack on federal lands to try to show federal question jurisdiction, but that attempt is belied by the allegations in the Complaint.  Moreover, Defendants' position is contrary to the rule that landowners have a right to exclude persons from trespassing on private property (the right to exclude persons is a fundamental aspect of private property ownership). *See, e.g.,* 75 Am. Jur. 2d <u>Trespass</u> § 1 (2022).

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction;" they possess "only that power authorized by Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).  A defendant may remove an action from state court to federal court only when the federal court would have had original jurisdiction. *See, e.g.,* <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

Obviously, by the very act of forcibly taking a case from a state court to a federal court, removal implicates federalism concerns.   Therefore, "[r]emoval statutes  are to be strictly construed . . . ." <u>Fajen v. Found. Reserve Ins. Co.</u>, 683 F.2d 331, 333 (10th Cir. 1982) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts are to be resolved against removal." <u>Id.</u> (citing <u>Greenshields v. Warren Petroleum Corp.</u>, 248 F.2d 61, 65 (10th Cir. 1957), *cert. denied*, 355 U.S. 907 (1957)).

 Indeed, the Supreme Court cautions against "snatch[ing] cases" from state courts "unless some clear rule demands it." <u>Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.</u>, 463 U.S. 1, 21 n. 22 (1983).  Thus, once a federal district court determines it lacks jurisdiction over a removed action, remand is mandatory. 28 U.S.C. § 1447(c).

A thoughtful analysis of the limits removal jurisdiction places on federal jurisdiction is found in <u>Eastern States Health & Welfare Fund v. Philip Morris, Inc.</u>, 11 F. Supp. 2d 384 (S.D.N.Y.

1998). That federal district court described that removal jurisdiction is "a somewhat different animal than original federal question jurisdiction—i.e., where the plaintiff files originally in federal court." Id. at 389. It explained:

> When a plaintiff files in federal court, there is no clash between the principle that the plaintiff can control the complaint—and therefore, the choice between state and federal forums—and the principle that federal courts have jurisdiction over federal questions; the plaintiff, after all, by filing in a federal forum is asserting reliance upon both principles, and the only question a defendant can raise is whether plaintiff has a federal claim.
>
> On the other hand, when plaintiff files in state court and purports to only raise state law claims, for the federal court to assert jurisdiction it has to look beyond the complaint and partially recharacterize the plaintiffs [sic] claims—which places the assertion of jurisdiction directly at odds with the principle of plaintiff as master of the complaint. It is for this reason that removal jurisdiction must be viewed with a somewhat more skeptical eye; the fact that a plaintiff in one case chooses to bring a claim as a federal one and thus invoke federal jurisdiction does not mean that federal *removal* jurisdiction will lie in an identical case if the plaintiff chooses not to assert a federal claim.

Id. at 389–90.

Here, as the literal master of its Complaint, Plaintiff properly alleged only state law causes of action. There is no federal common law implicated by Plaintiff's state law claims, nor do the claims sound in federal law. Thus, Defendants cannot show federal court jurisdiction, and cannot create federal jurisdiction by trying to re-characterize Plaintiff's state law claims.

## ARGUMENT

## I.  Summary of Argument

Because federal jurisdiction does not exist unless "a federal question is presented on the face of the plaintiff's properly pleaded complaint" (Caterpillar, 482 U.S. at 392), Defendants are asserting the Complaint is not properly pleaded. This, however, is not the case. Wyoming law creates both causes of action asserted by Plaintiff – declaratory judgment and civil trespass.

Under Wyoming's Uniform Declaratory Judgments Act:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

Wyo. Stat. Ann. § 1-37-103.

To establish a claim for civil trespass, Plaintiff must prove the following: (1) that Plaintiff was in possession of its property when the Defendants' entry thereon occurred *or* that Plaintiff was entitled to immediate possession of its property; and (2) while Plaintiff was either the owner or in lawful possession of its property, the Defendants intentionally entered upon/caused another to enter upon/caused something to come upon that property. *See, e.g.,* Wyoming Civil Pattern Jury Instructions § 21.09 (2021) (citations omitted).

Here, Count I of the Complaint (declaratory judgment) requests a judgment confirming Plaintiff's ownership to, and private rights in, its property. Count II (civil trespass) requires interpretation of Wyoming statutory and common law. Federal law is not a necessary element of either claim. Thus, Plaintiff's claims are *solely* matters of state law that fall squarely within the jurisdiction of Wyoming courts. Moreover, each federal issue raised by Defendants is made in attempted *defense* of Plaintiff's state law claims; an alleged federal defense does not support federal jurisdiction.

> [S]ince 1887 it has been settled law that a case may not be removed to federal court *on the basis of a federal defense*, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

Franchise Tax Bd., 463 U.S. at 14 (emphasis supplied).[1]  This is because a "defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (citations omitted).  Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. at 475 (quoting Franchise Tax Bd., 463 U.S. at 14).

## II.  Plaintiff's Claims Do Not "Arise Under" Federal Law in Relation to 28 U.S.C. § 1331

Plaintiff's Complaint does not seek any relief under federal law or premise its state law claims on any violations of federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists *only* when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (emphasis added).  The well-pleaded complaint rule is a "powerful doctrine" that "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." Franchise Tax Bd., 463 U.S. at 9–10. Under the well-pleaded complaint rule, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)).

As a result, federal "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986).  Nor can a defendant's assertion of a defense based on federal law, such as federal preemption of the state

---

[1] In 1887, Congress amended the removal statute, the result of which was to apply the well-pleaded complaint rule to cases removed from state court. *See* Franchise Tax Bd., 463 U.S. at 10 n.9, referring to Act of Mar. 3, 1887, ch. 373, 24 Stat. 552.

law on which a plaintiff's claim is based, be a proper basis for removal, even if both parties agree that the only issue for decision in a case is the validity of a federal preemption defense. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Franchise Tax Bd., 463 U.S. at 12. Instead, the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392 n7. (citations omitted).

Application of the well-pleaded complaint rule to Plaintiff's Complaint is appropriate, as neither of its causes of action rely on federal law. Moreover, Plaintiff's Complaint does not fall within the two narrow exceptions to the well-pleaded complaint rule: (1) the "artful pleading" doctrine, more accurately stated as the "complete preemption" doctrine, and (2) the "substantial federal question" doctrine. *Removal Petition* ¶¶ 15-17. The issues raised by Defendants as grounds for federal jurisdiction—alleged complete preemption, unique federal interests, and national interests—are simply *defenses*, not elements of Plaintiff's claims. Accordingly, this Court does not have jurisdiction to entertain this action under 28 U.S.C. § 1331, and removal under 28 U.S.C. § 1441(a) is not appropriate.

### A.  The Complete Preemption Doctrine Does Not Apply

Defendants assert removal is proper because of the "artfully pleaded" exception to the well-pleaded complaint rule. Defendants acknowledge "the artful pleading doctrine allows removal where federal law *completely preempts* an asserted state-law claim." *Removal Petition* ¶ 16 (emphasis supplied), quoting Rivet, 522 U.S. at 475. Consequently, Defendants seek to apply the doctrine of complete preemption by so-called artful pleading as a basis for federal court jurisdiction. Defendants cannot show complete preemption.

The "complete-preemption doctrine" is "'[t]he rule that a federal statute's preemptive force may be so extraordinary and all-encompassing that it converts an ordinary state-common-law complaint into one stating a federal claim for purposes of the well-pleaded-complaint rule.'" Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1204 (10th Cir. 2012) (quoting BLACK'S LAW DICTIONARY 324 (9th ed. 2009)).  Complete preemption provides an exception to the well-pleaded complaint rule. Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id. (quoting Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 8 (2003)).

With this said, however, "[c]omplete preemption is ... quite rare." Id. (quoting Johnson v. MFA Petroleum Co., 701 F.3d 243, 248 (8th Cir. 2021)).  In fact, it is so rare that the Supreme Court has identified only three statutes that meet this standard. Devon Energy, 693 F.3d at 1204-05. First, the Supreme Court found complete preemption by § 301 of the federal Labor Management Relations Act (the LMRA); second, by § 502(a) of the federal Employee Retirement Income Security Act of 1974 (ERISA), and, third, in usury actions against national banks under the National Bank Act, 12 U.S.C. §§ 85-86. Id.  See also Beneficial Nat'l Bank, 539 U.S at 9-11. As such, the Supreme Court has warned that complete preemption should not be "lightly implied." Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 752 (1983) (Brennan, J., concurring).

Thus, even if a federal statute supposedly has been violated and some person allegedly harmed, such does not automatically give rise to a private cause of action in favor of that person. See Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979).  Therefore, in order to determine if complete preemption applies, the first question to address is whether federal law provides a private right of action to sue for violations. See, e.g., Dutcher, 733 F.3d at 986.

No court has found that the Unlawful Inclosures of Public Lands Act, ch. 149, 23 Stat. 321, §§ 1-6 (1885), codified as amended at 43 U.S.C. §§ 1061 to 1066 (the "UIA"), preempts state law. However, Defendants boldly proclaim that the UIA "provided *individuals* with a federal cause of action." *Removal Petition* ¶ 66 (citing 43 U.S.C. § 1062) (emphasis supplied). Yet, the exact opposite is true: the UIA "does not provide for a private cause of action . . . ." Crow Tribe of Indians v. Repsis, 866 F.Supp. 520, 525 (D. Wyo. 1994), *aff'd*, Crow Tribe of Indians v. Repsis, 73 F.3d 982 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1851 (1996).[2]  Thus, only the United States government acting through the United States Attorney has standing to assert a violation of the UIA; other persons do not have standing to seek to remedy a violation of the UIA. Crow Tribe, 866 F.Supp. at 525 (citing 43 U.S.C. §§ 1062, 1066).

Indeed, the statute Defendants explicitly reference makes it clear the UIA provides *only* for federal enforcement.  The UIA provides in relevant part:

> **It shall be the duty of the United States attorney** for the proper district, on affidavit filed with him by any citizen of the United States **that section 1061 of this title is being violated** . . . **to institute a civil suit** in the proper United States district court, or territorial district court, **in the name of the United States** . . . .

43 U.S.C. § 1062 (emphasis supplied).  Thus, while a private party may file an affidavit alerting the United States Attorney to a potential UIA violation, the UIA provides for federal enforcement to be brought in the name of the United States only, not a private citizen.[3]

Therefore, complete preemption simply does not apply.  Where, as with the UIA, the plain language of the statute excludes a private remedy (the fact the UIA provides for federal enforcement only), reinforces a decision to not find such a right of action implicit within the

---

[2] Abrogated on other grounds by Herrera v. Wyoming, --- U.S. ---, 139 S. Ct. 1686 (2019).

[3] *See also* Camfield v. United States, 167 U.S. 518, 522 (1897) ("[I]t is made the duty of the district attorney . . . , when complaint is made to him by affidavit by any citizen of the United States, . . . to institute a civil suit in the name of the United States . . . .").

section. *See, e.g.,* <u>Touche Ross & Co.</u>, 442 U.S. at 571.  Thus, Defendants' assertion that complete preemption exists simply does not comport with the high standards the Supreme Court and the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") have imposed in <u>Beneficial Nat'l. Bank</u> and <u>Dutcher</u>, *supra.*

Defendants erroneously claim Plaintiff is attempting to exclude others from public lands or that Plaintiff alleges it has a private property right to exclude people from accessing public lands.  *Removal Petition* ¶ 32.   Though this argument is creative, it is unsupported by the allegations in Plaintiff's Complaint.  Plaintiff's claim for civil trespass is that Defendants made an unauthorized entry upon *Plaintiff's private property*.  *Complaint* ¶ 43.  Plaintiff does not claim the Defendants cannot enter public lands, only that Defendants were not permitted to enter Plaintiff's privately-owned property and airspace.  *Complaint* ¶¶ 18-19.

In sum, Defendants' attempt to invoke Plaintiff's purported violation of the UIA as a basis for jurisdiction fails to satisfy the requirements for application of the "complete preemption" doctrine.  The UIA does not preempt Wyoming law, and the fact the UIA precludes a private cause of action belies Defendants' argument that the "complete preemption doctrine" applies.

### *i.  Federal Common Law Does Not Provide a Separate Basis for Removal*

Defendants also claim this Court *should* have jurisdiction because of their incorrect contention that Plaintiff's Complaint somehow arises under federal common law.  *Removal Petition* ¶¶ 24-40.  Defendants' argument fails for two fundamental reasons.  First, it ignores the well-pleaded complaint rule and second, it exaggerates the scope of federal common law and fails to acknowledge that private property rights are inherently a state law interest.

In ignoring and attempting to subvert the well-pleaded complaint rule, Defendants impermissibly endeavor to re-write Plaintiff's Complaint.  For example, Defendants contend that

Plaintiff claims it "retains a private property right to exclude people from accessing public lands owned by the federal government by obstructing the ability of people to travel freely and peaceably from one section of public land to another, adjacent section of public land at corners shared by both sections of public land" and that it "retains a property right to prohibit people from engaging in so-called 'corner crossing.'" *Removal Petition* ¶¶ 32-33. Plaintiff, however, makes no such assertions.

Rather, Plaintiff alleges only that it "owns and controls the airspace above *its real property*, and is entitled to exclude others from use of that airspace." *Complaint* ¶ 19 (emphasis added). Plaintiff in no way claims a right to control adjacent lands; it seeks redress only for Defendants' occupation of *Plaintiff's private property*. Defendants contort Plaintiff's Complaint into an assertion of a federal right, when Plaintiff does not do so.

Federal courts across the country have rejected similar arguments wherein a defendant claimed that a plaintiff's state law claims were removable because they supposedly arose under federal common law of interstate nuisance and implicated other federal common law doctrines. *See* New Mexico *ex rel*. Balderas v. Monsanto Co., 454 F. Supp. 3d 1132, 1152 (D. N.M. 2020) ("[F]ederal common law . . . cannot support removal to federal court without complete preemption.").[4] More importantly, the federal district court in New Mexico *ex rel*. Balderas noted

---

[4] *See also* City of Oakland v. BP PLC, 969 F.3d 895, 906 (9th Cir. 2020), *cert. denied sub nom*. Chevron Corp. v. City of Oakland, 141 S. Ct. 2776 (2021) ("Even assuming that the Cities' allegations could give rise to a cognizable claim for public nuisance under federal common law . . . the district court did not have jurisdiction under § 1331 because the state-law claim . . . fails to raise a substantial federal question."); Bd. of Cty. Commissioners of Boulder Cty. v. Suncor Energy (U.S.A.) Inc., 405 F. Supp. 3d 947, 957–62 (D. Colo. 2019), *aff'd in part, appeal dismissed in part*, 965 F.3d 792 (10th Cir. 2020), *cert. granted, judgment vacated*, 141 S. Ct. 2667 (2021), and *aff'd*, 25 F.4th 1238 (10th Cir. 2022); Earth Island Inst. v. Crystal Geyser Water Co., 521 F. Supp. 3d 863, 874 (N.D. Cal. 2021) (finding the defendants' "creative argument" that the plaintiff's California nuisance claims arose under federal common law "to be inconsistent with the well-pleaded complaint rule and longstanding controlling authority").

"there is a presumption against removal jurisdiction." Id. at 1138 (citing Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001)).

The arguments made by Defendants are indistinguishable from New Mexico ex rel. Banderas and the cases referenced in footnote 4.  In those cases, as here, the plaintiff pleaded only state law claims. Also in those cases, as here, the defendants asserted that the plaintiffs' claims arose under federal common law because of supposedly unique matters of federal importance, which are not enough.

Further, the defendants in each of those cases relied almost entirely upon the same authority discussing federal common law as cited by Defendants now, including Illinois v. City of Milwaukee, 406 U.S. 91 (1972) and Tex. Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630 (1981).  While Defendants rely upon these two cases, they are readily distinguishable for the simple reason that both were filed in *federal court* based expressly *under federal law*. Neither of them analyzed removal jurisdiction nor stand for the proposition that a court may disregard the well-pleaded complaint rule and exercise jurisdiction over a case involving entirely state law claims any time a defendant asserts that a federal common law "should" control.

Further, a federal district court recently explained why Defendants' reliance on City of Milwaukee and similar cases is inapposite:

> [C]ases about whether a federal common law right *exists* (i.e., may a plaintiff bring a federal common law nuisance action if it wishes?) have limited application here, where Plaintiff intentionally seeks to *avoid* invoking federal common law (or any other federal law). Defendants essentially argue that Plaintiff's claims must be assessed with reference to federal common law, but it is not even clear to the Court what the standards for such a claim would be. So while the best answer the Court can muster to the question of whether Plaintiff could have brought a federal common law claim here if it wanted to do so is "perhaps," that is not really the right question given the posture of this case. *See City of Oakland v. BP PLC*, 960 F.3d 570, 580 (9th Cir. 2020) (holding that "[e]ven assuming that [Plaintiff] Cities' allegations could give rise to a cognizable claim for public nuisance under federal common law . . ., the district court did not have jurisdiction under § 1331 because

the state-law claim for public nuisance fails to raise a substantial federal question"). Instead, the key question is whether federal common law, even assuming it still exists, completely displaces Plaintiff's state law claims. . . .

Earth Island Inst. v. Crystal Geyser Water Co., 521 F. Supp. 3d 863, 871–72 (N.D. Cal. 2021).

Courts having an opportunity to address this question have held they "must reject Defendants' request for displacement of the well-pleaded state law claims in Plaintiff's complaint by federal common law." Id. at 876.[5]  The well-pleaded complaint rule requires the same result here.  Plaintiff's claims are grounded in state law and involve only Plaintiff's private property rights.  As such, this Court should abide by the well-pleaded complaint rule and find that Defendants' generic allegations of a federal interest are insufficient to convert a state law claim into a federal law claim, or to establish federal jurisdiction.

## III.  The "Substantial Federal Question" Exception to the Well-Pleaded Complaint Rule Does Not Apply

Next, this Court does not have jurisdiction under 28 U.S.C. § 1331 because Plaintiff's civil trespass claim does not raise a substantial federal question.  Defendants argue federal jurisdiction exists under the second prong of the "arising under" jurisdiction, as Plaintiff's claims supposedly necessarily depend on a resolution of a substantial question of federal law under Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

Defendants contend Plaintiff's Complaint raises federal issues by asserting that:

[T]he only issue contested is whether federal laws, including the UIA and Congress's [sic] powers under the Property Clause, permit Plaintiff to obstruct or prohibit the public from crossing from one section of federally owned public land, over the common corner shared by two sections of public land and two sections of private land, to access another, adjacent section of federally owned public land.

---

[5] See also Boulder, 405 F. Supp. 3d at 962 ("Defendants cite no controlling authority for the proposition that removal may be based on the existence of an unplead federal common law claim . . . .").

*Removal Petition* ¶ 95.

Thus, Defendants again attempt to overcome the well-pleaded complaint rule by relying on the rarely applied and narrow "substantial federal question" exception. To qualify for this exception however, the federal issue within a state law claim must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). While an action must meet each of these requirements to fall within the jurisdiction of federal courts, Defendants' application of this exception selectively relies on broad language from Grable. The Supreme Court has since clarified that Grable represents a "special and small category of cases" that generally do not involve "fact-bound and situation-specific" disputes. Gunn, 568 US at 258, 263.

Grable illustrates the type of unusual circumstances in which the substantial federal question rule may apply. In that case, the federal Internal Revenue Service ("IRS") seized the plaintiff's (Grable's) property to satisfy a tax delinquency. Grable, 545 U.S. at 310–11. The IRS then sold the property to the defendant (Darue). Id. Grable later sued Darue on the basis that, "Darue's record title was invalid" because the IRS had failed to properly notify Grable of the seizure. Id. at 311.

While the suit was a quiet title action under state law, the only question at issue was whether the IRS had properly followed federal law in seizing Grable's property. In Grable, the dispute met each of the "substantial federal question" requirements. First, the resolution of the federal issue was necessary to the plaintiff's claims (Grable could not prove his claim unless the court found that the IRS failed to follow federal law). Grable, 545 U.S. at 315. Second, the federal issue was disputed, as both sides put forth conflicting interpretations of the relevant federal statute. Id. Third,

the issue was substantial because it "centered on the action of a federal agency (IRS)" and any decision "would be controlling in numerous other cases." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 700 (2006). And fourth, because of the unusual nature of the case, allowing for federal jurisdiction in Grable did not threaten to disrupt the "balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

In contrast, Defendants' invocation of the substantial federal question exception satisfies none of the Grable requirements. First, under the Grable analysis, no federal issue or claim is "necessarily raised" by Plaintiff. This standard requires that the federal question be an "essential element" of the plaintiff's "*claim*," not a hypothetical part of the defendant's defense. Grable, 545 U.S. at 315 (emphasis added). Thus, the Grable exception is for state causes of action where the state rule of decision turns on federal law, not for state causes of action where there might be a federal defense. While Defendants set forth a laundry list of federal issues relating to congressional Property Clause powers to control the use of federal land, Defendants fail (and are unable) to show that those issues are "necessary elements" of Plaintiff's causes of action.

Defendants cannot make this showing because Plaintiff can prove all of its claims without reference to any federal law. To prevail on Count I, Plaintiff must demonstrate: (1) Plaintiff has existing and genuine rights or interests, (2) a justiciable controversy between Plaintiff and Defendants, and (3) entry of a declaratory judgment would serve to remove uncertainty and terminate the controversy between the parties. To prevail on Count II, Plaintiff must demonstrate: (1) Plaintiff's possession of the property when entry occurred, and (2) Defendants' intentional entry, intrusion, or invasion upon that property. Plaintiff's Complaint fully alleges each of these elements. Allegations concerning element No. 1 are found (at a minimum) at ¶¶ 11, 12, 14, 18, 19,

21, 39, 40, and 41 in the Complaint. Allegations concerning element No. 2 are found (at a minimum) at ¶¶ 16, 20, 43, 45, and 47 in the Complaint.

Importantly, ownership of the property that Defendants trespassed to get to -- federal land -- has no bearing on the underlying basis of Plaintiff's claim for civil trespass *across Plaintiff's private property*.  If the other parcels of property were owned by another private landowner as opposed to the BLM, Plaintiff would have still brought its claims for declaratory judgment and civil trespass against Defendants in state court.  Thus, it is irrelevant that the BLM owns the parcels over which Defendants crossed Plaintiff's property to reach, as state law governs Plaintiff's property rights with respect to its own private property.

In seeking federal jurisdiction, the Defendants point to provisions of the UIA and the Property Clause as federal issues necessary to resolving Plaintiff's claims.  Such arguments have been previously rejected as supposed federal issues, because they arise only from a potential *defense* to Plaintiff's claims.  Such a defense asserted by a private party is not a "substantial federal interest."  This alone is sufficient to defeat Defendants' claim of jurisdiction under the substantial federal question exception.

But, even if Defendants could identify a federal question that was necessarily raised by the Complaint, none would qualify as "substantial" for purposes of 28 U.S.C. § 1331. Four factors inform a Court's evaluation of the substantiality of the federal interest in a case:

> (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir. 2007) (citations omitted).

The decision in <u>Empire Healthchoice</u> illustrates why any federal issues that *might* be implicated by this case are not substantial.  <u>Empire Healthchoice</u> concerned a claim brought by an insurance company against a beneficiary who had recovered damages in a state court tort suit. <u>Empire Healthchoice</u>, 547 U.S. at 682–83.  Pursuant to an insurance plan created by the Federal Employees Health Benefits Act of 1959, the plaintiff health insurance company had reimbursed medical expenses arising from the same accident that led to the personal injury action. <u>Id</u>. at 683. The insurance company brought suit (in federal court), claiming that substantial federal question jurisdiction was appropriate because the suit sought "to vindicate a contractual right contemplated by a federal statute." <u>Id</u>. at 690.

In evaluating the substantiality of the federal issues at play, the <u>Empire Healthchoice</u> court observed that the suit was "poles apart from <u>Grable</u>" because: (1) it was not "centered on the action of a federal agency"; (2) it did not present a "nearly 'pure issue of law'" that would govern numerous subsequent cases; and (3) resolving the relevant federal issue would not be "dispositive of the case." <u>Id</u>. at 700–01.  Rather, the central issues were "fact-bound and situation-specific," relating to the extent to which the insurance company had reimbursed the defendant for medical expenses. <u>Id</u>.; *see also* <u>Gunn</u>, 568 U.S. at 263 ("'fact-bound and situation-specific' effects are not sufficient to establish federal arising under jurisdiction.").

The issue in the case at bar involves a factual dispute and the question of whether Defendants trespassed upon/across Plaintiff's private property. As in <u>Empire Healthchoice</u>, Plaintiff's claims do not "center on the action" of any federal agency.  Instead, Plaintiff's Complaint focuses on the validity of Plaintiff's private property rights, the legal ability to exclude others from its property, and a determination of whether Defendants unlawfully trespassed upon the airspace above Plaintiff's private property.

In sum, there simply is no "substantial federal interest" that would warrant removal of the case at bar from Wyoming courts to federal court.

## IV. Defendants' Bare Allegation of the Amount in Controversy Fails to Demonstrate the Amount Necessary to Establish Federal Jurisdiction

The Tenth Circuit recognizes that the party invoking federal jurisdiction bears the burden showing the existence of federal jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d. 1284, 1290-91 (10th Cir. 2001). Accordingly, "removal statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. Thus, subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of "$75,000, exclusive of interest and costs."

The law is well settled that the "burden is on the party requesting removal to set forth, in the notice of removal itself, the '*underlying* facts' supporting [the] assertion that the amount in controversy [is met]." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (emphasis in original).  The Tenth Circuit is clear about the type of showing that is required in the notice of removal.  Conjecture or supposition is not enough; reliable evidence is required to meet the amount in controversy burden of proof. *See, e.g.,* McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008)[6] (citing a Fifth Circuit case relying on "summary-judgment-type evidence").  McPhail emphasized that a defendant might attach documents supporting an affidavit or introduce evidence from experts. Id. *See also* Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir. 1995) (the parties can be required "to submit summary-judgment-type evidence relevant to the amount

---

[6] In McPhail, the plaintiff was an estate of a farmer, which brought a wrongful death products liability case in Oklahoma state court against a tractor manufacturer.  The plaintiff's complaint sought "actual damages, punitive damages as determined by the trier of fact, plus pre and post judgment interest, costs, [and] attorneys fees . . . ." McPhail, 529 F.3d at 956.

in controversy at the time of removal"); <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997).

Here, Defendants submitted no affidavit, made reference only to a public document, and made unsworn bare allegations that the amount in controversy exceeds the statutory requirement:

- "As to the extent of damages, Plaintiff generally alleges that it has suffered damages "in an amount exceeding the minimal jurisdictional limit of" the District Court for the Second Judicial District, County of Carbon, State of Wyoming." *Removal Petition* ¶ 148.

- Defendants allege that their acts have "encumbered Plaintiff's title" to a real property asset worth tens of millions of dollars. *Removal Petition* ¶ 154.

- "Further, on May 11, 2017, Plaintiff executed a mortgage, effective May 15, 2017, for $30,000,000.00 with Bank of America, N.A. as the mortgagee/secured party." *Removal* ¶ 161.

   o However, the Court will quickly recognize that the mortgage in question extends *far beyond* the two sections of private land owned by Plaintiff at the checkerboard corner in question. The Court should examine Exhibit 1 to Plaintiff's Complaint at page 4 thereof, which specifically identifies only *two sections* of Plaintiff's private property at issue.  In other words, can Defendants *reasonably* claim that their actions in crossing one checkerboard corner might damage *all* of Plaintiff's private property?  Plaintiff's Complaint makes no such claim, and no such assertion is fairly implied by the Complaint.

- Nonetheless, Petitioners aver that, based on the supposed value of all of Plaintiff's real property that it is "possible that an excess of $75,000.00 is in play." *Removal Petition* ¶ 166.

Plaintiff's Complaint Exhibit 1 clearly identifies only two sections of Plaintiff's real property as being at issue in the case, and Defendants' reference to a mortgage for the entirety of Plaintiff's ranch cannot be relied on to show the amount in controversy exceeds $75,000.00.  The Tenth Circuit does not approve of such conjecture to support removal. *See, e.g.,* <u>Oklahoma Farm</u>

Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. App'x. 775, 778 (10th Cir. 2005) (a removed case was remanded to state court because the removing party could not rely on plain unsupported assertion of amount in controversy, and the court awarded attorneys' fees under 28 U.S.C. § 1447(c)).

In the case at bar, Plaintiff did not allege damages in an amount sufficient to confer jurisdiction in federal court, and Defendants cannot overcome the strong presumption that Plaintiff has not claimed an amount high enough to confer jurisdiction on this Court under 28 U.S.C. § 1332(a). Thus, the *Removal Petition*, which contains unsworn bare allegations that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs, is insufficient to establish this Court's subject matter jurisdiction.

## CONCLUSION

Removal is strictly scrutinized, and there is a presumption against removal. Defendants have not, and cannot, meet their burden to show the existence of federal jurisdiction in this case. Each of their asserted grounds for jurisdiction, including complete preemption jurisdiction, substantial federal question jurisdiction, federal common law jurisdiction, and diversity jurisdiction, fail. As such, this Court should immediately remand this case back to the District Court, Second Judicial District, Carbon County, Wyoming.

## STATEMENT AS TO CONFERRAL WITH OPPOSING COUNSEL

Although Plaintiff's Motion For Remand likely is a dispositive motion, the undersigned counsel nonetheless certifies that he conferred with Defendants' counsel per U.S.D.C.L.R. 7.1(b)(1)(A) and requested that Defendants agree to remand of this action to Wyoming state court. Defendants' counsel declined such request.

DATED this 14th day of April, 2022.

/s/ Greg Weisz
M. Gregory Weisz, Wyo. Bar No. 6-2934
Crystal D. Stewart, Wyo. Bar No. 7-6057
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 634-0336 fax
gweisz@penceandmac.com
Plaintiff's Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2022, a true and correct copy the above and foregoing document was served by CM/ECF upon the following:

Ryan A. Semerad
The Fuller Law Firm
242 South Grant Street
Casper, WY 82601
*Defendants' Attorneys*

/s/ Greg Weisz
Pence and MacMillan LLC