U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 MAY 19 PM 1:32

MARGARET BOTKINS, CLERK
CASPER

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

IRON BAR HOLDINGS, LLC, a North
Carolina limited liability company
registered to do business in Wyoming,

      Plaintiff,

v.

BRADLEY H. CAPE, ZACHARY M.
SMITH, PHILLIP G. YEOMANS, and
JOHN W. SLOWENSKY,

      Defendants.

Case No. 22-CV-67-SWS

---

## ORDER DENYING REMAND TO STATE COURT

---

This matter comes before the Court on Plaintiff's Motion for Remand and

supporting memorandum (Docs. 13, 14), Defendants' opposition (Doc. 16), and Plaintiff's

reply (Doc. 17). Having considered the parties' arguments, reviewed the record herein,

and being otherwise fully advised, the Court finds and concludes remand is not warranted

because this Court has subject-matter jurisdiction over Plaintiff's claims.

### INTRODUCTION

Plaintiff owns certain real property in Carbon County, Wyoming. (Compl. ¶ 1.)

Much of Plaintiff's private property borders public lands managed by the U.S. Department

of Interior Bureau of Land Management (BLM) in a checkerboard pattern. (*Id.* p. 15.) This

checkerboard pattern of land ownership causes public lands to meet diagonally at corners,

and likewise for private lands, as roughly demonstrated here:

| PUBLIC | PRIVATE | PUBLIC | PRIVATE |
|--------|---------|--------|---------|
| PRIVATE | PUBLIC | PRIVATE | PUBLIC |

(*See* Compl. p. 2 ("In the checkerboard area, two sections of privately-owned real property lie diagonally adjacent to two sections of federal public land managed by the BLM.").)

Plaintiff owns two diagonally-adjacent parcels of private land and alleges that in September 2021, Defendants crossed from public land to public land at the corner in order to hunt big game animals by using a "ladder-like device." (*Id.* ¶¶ 16-17.) Plaintiff contends Defendants' acts of "corner crossing" resulted in trespassing and infringing upon Plaintiff's airspace above the corners of its private land, even though Defendants are not alleged to have physically touched Plaintiff's private land. (*Id.* ¶¶ 16-21.)

## STANDARD OF ANALYSIS FOR REMAND

Defendants obtained removal of this lawsuit from state court on allegations this Court had both federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Plaintiff seeks to remand the action back to state court based on a lack of subject-matter jurisdiction. (Doc. 13.)

Under 28 U.S.C. § 1447(c), a district court must remand a removed lawsuit if it appears there is a lack of subject-matter jurisdiction at any time before final judgment. "Subject matter jurisdiction defines the court's authority to hear a given type of case." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1092–93 (10th Cir. 2017) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). "[I]t represents 'the

extent to which a court can rule on the conduct of persons or the status of things.'" *Id.* (quoting *Carlsbad Tech., Inc.*, 556 U.S. at 639).

Federal courts are courts of limited jurisdiction and there is a presumption against removal jurisdiction, "which the defendant seeking removal must overcome." *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1155 (D.N.M. 2015); *see Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("the presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it").  "The defendant seeking removal must establish that federal court jurisdiction is proper by a preponderance of the evidence." *De La Rosa*, 113 F. Supp. 3d at 1155.

## DISCUSSION

The Court concludes it has subject-matter jurisdiction over this action based on diversity jurisdiction

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  For purposes of this case, there is no dispute that Plaintiff and Defendants are citizens of different states (Compl. ¶¶ 1-5), thus satisfying the "complete diversity" requirement of § 1332(a)(1).  The dispute here concerns whether the amount in controversy exceeds $75,000.  (*See* Doc. 14 pp. 19-21.)  The amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Defendants' notice of removal plausibly alleged the amount in controversy exceeded $75,000.  (Doc. 1 pp. 28-33.)  Because Plaintiff contests that allegation in the

motion to remand, Defendants must prove their assertion by a preponderance of the evidence. *Dart Cherokee Basin Operating, Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); 28 U.S.C. § 1446(c)(2)(B). A non-exhaustive list of ways for Defendants to meet this requirement includes

> contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

Starting with the complaint filed in state court, Plaintiff asserted Defendants' corner crossing caused it damages "in an amount exceeding the minimal jurisdictional limit of" Wyoming state district court. (Compl. ¶ 22.) Wyoming district courts possess jurisdiction over civil lawsuits where more than $50,000 is at issue. *See* Wyo. Const. art. 5, § 10 (providing state district courts with original jurisdiction over "all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court"); Wyo. Stat. § 5-9-128(a)(i) (granting state circuit courts with exclusive jurisdiction over civil actions where the amount in controversy does not exceed $50,000). Thus, Plaintiff's complaint effectively claimed damages "for trespassing upon and interfering with Plaintiff's use, control, possession, and enjoyment of the Property" (Compl. p. 9) of more than $50,000. (*See* Doc. 8-1 p. 3 (Plaintiff's state court civil cover sheet indicating the amount in controversy to be "$50,000+").)

In addition to trespass damages, Plaintiff also requested Defendants pay Plaintiff's

attorneys' fees, "as may be allowed by law." (Compl. p. 10.) Though Plaintiff's complaint does not state its basis for requesting attorney fees, the amount in controversy may include "a 'reasonable estimate' of attorney's fees" where such recovery is permitted by statute. *Hinsley v. CreditBox.com, LLC*, 550 F. Supp. 3d 993, 995 (D.N.M. 2021) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)).

Moreover, Plaintiff's complaint demands both declaratory judgment and injunctive relief. (Compl. ¶¶ 23-37, 50-53.) "In cases seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "The Tenth Circuit has followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991)). The following examples from the complaint demonstrate the requested declaratory and injunctive relief in this matter is highly valued by Plaintiff and extends beyond the allegations against the named Defendants:

- "Plaintiff was and is, and at all times relevant to this Complaint, the owner of the real property described in Exhibit 1 hereto, including but not limited to the airspace above the surface of such real property." (Compl. ¶ 25.) "Defendants' unauthorized entry and trespass clouds the title to Plaintiff's Property[.]" (Compl. ¶ 48.)

- "Unless Defendants are compelled to cease from trespassing on Plaintiff's Property and violating Plaintiff's property rights, Plaintiff will suffer irreparable injury." (Compl. ¶ 50.)

- "The Defendants are actively carrying out a campaign to solicit funds to defend their improper and unlawful actions, and upon information and belief may intend to encourage other persons to carry out unlawful "corner crossings" upon Plaintiff's Property." (Compl. ¶ 51.)

Plaintiff's allegations readily demonstrate the value of its requested declaratory and injunctive relief exceeds the $75,000.01 jurisdictional minimum of this Court.

Additionally, the cost to Defendants if the requested injunctive and declaratory relief were granted must also be considered. *See Lovell*, 466 F.3d at 897 ("the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum"). If Plaintiff prevails, Defendants would be effectively barred from accessing the landlocked public land on which they enjoy hunting. (*See* Compl. ¶ 16.) Such access to public lands has value to Defendants, who traveled from Missouri to Wyoming to engage in recreation on public lands, and that value must be included when determining the amount in controversy for this case.

## CONCLUSION AND ORDER

Based on (1) Plaintiff's claim that it has suffered more than $50,000 in damages, (2) Plaintiff's claim that Defendants' corner crossing has clouded title to its lands, and (3) the cost to Defendants if the requested declaratory and injunctive relief is granted, the Court has little difficulty finding by a preponderance of the evidence that the monetary amount

that will be put at issue in the course of this litigation exceeds $75,000.  Consequently, the

Court concludes it possesses federal subject-matter jurisdiction over this lawsuit under 28

U.S.C. § 1332(a)(1).  The Court need not consider the question of whether federal-question

jurisdiction also exists.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand (Doc. 13) is

hereby **DENIED**.

**ORDERED**: May __19th__, 2022.

Scott W. Skavdahl
United States District Judge