Ryan A. Semerad, Esq.
Wyoming Bar No. 7-6270
**THE FULLER & SEMERAD LAW FIRM**
242 South Grant Street
Casper, Wyoming 82601
Telephone: 307-265-3455
Facsimile: 307-265-2859
Email: semerad@thefullerlawyers.com

*Attorney for Defendants Bradley H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky*

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, <br><br> Plaintiff, <br><br> vs. <br><br> BRADLY[1] H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual, <br><br> Defendants. | CASE NO. 22-cv-00067-SWS |

### DEFENDANTS' ANSWER TO PLAINTIFF'S *COMPLAINT* (ECF NO. 2)

Pursuant to Fed. R. Civ. P. 12(a)(4)(A) and this Court's recent order denying their motion to dismiss Plaintiff Iron Bar Holdings, LLC's ("Plaintiff") claims, (*see* ECF No. 23), Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky (collectively,

---

[1] Throughout the pleadings in this case, Defendant Bradly H. Cape's first name was inadvertently misspelled with an extra "e" as in "Bradley." Mr. Cape's first name is correctly spelled "Bradly" without the "e."

1

"Defendants") submit the following *Answer* to Plaintiff's *Complaint* (ECF No. 2). Specifically, Defendants answer each allegation in Plaintiff's *Complaint* as follows:

1. Defendants deny all allegations in Plaintiff's *Complaint* not expressly admitted, denied, or otherwise responded to herein.

### INTRODUCTION

2. Defendants state that Plaintiff's "Introduction" section does not contain any allegation to which a responsive pleading is required and so deny the same.

### PARTIES, JURISDICTION, AND VENUE

3. As to the allegations made in Paragraph 1, Defendants admit.

4. As to the allegations made in Paragraph 2, Defendants admit save for the facts that Mr. Cape's year of birth is 1971 and his first name is spelled "Bradly" without the "e."

5. As to the allegations made in Paragraph 3, Defendants admit.

6. As to the allegations made in Paragraph 4, Defendants admit.

7. As to the allegations made in Paragraph 5, Defendants admit.

8. As to the allegations made in Paragraph 6, Defendants state that Paragraph 6 contains legal conclusions to which no responsive pleading is required and so deny the same.

9. As to the allegations made in Paragraph 7, Defendants state that Paragraph 7 contains legal conclusions to which no responsive pleading is required and so deny the same.

10. As to the allegations made in Paragraph 8, Defendants admit that at least some of the real property and property rights that are the subject of this action are located in Carbon County, Wyoming.

11. As to the allegations made in Paragraph 9, Defendants state that Paragraph 9 contains legal conclusions to which no responsive pleading is required and so deny the same.

## GENERAL ALLEGATIONS

12. In response to Paragraph 10, Defendants repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

13. As to the allegations made in Paragraph 11, Defendants admit that Plaintiff owns certain real property located in Carbon County, Wyoming (hereinafter, the "Property"), and that Exhibit 1 attached to Plaintiff's Complaint describes the Property.

14. As to the allegations in Paragraph 12, Defendants admit that Plaintiff owned the Property during the times specified elsewhere in the Complaint—September 26-30, 2021—but deny that they committed a criminal trespass or a civil trespass.

15. As to the allegations in Paragraph 13, Defendants admit that Plaintiff had placed two posts on either side of a common corner shared by federally owned public land and chained the posts together with a padlock. Defendants admit the posts were chained together in such a manner as to block or obstruct passage from one section of public land to the other, adjacent section of public land.

16. As to the allegations in Paragraph 14, Defendants admit that Plaintiff has placed signs on the posts described in ¶ 15 *supra* that state "No Trespassing" and that these signs face a section of public land. Defendants deny that that these "No Trespassing" signs were intended to keep people from entering Plaintiff's Property as opposed to the public lands.

17. As to the allegations in Paragraph 15, Defendants state that Paragraph 15 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

18. As to the allegations in Paragraph 16, Defendants admit that they were lawfully hunting certain game in Carbon County, Wyoming, between September 26 and September 30 of

the year 2021.  Defendants deny that they entered upon and/or across Plaintiff's Property. Defendants otherwise aver that they accessed federally owned and managed public lands in Carbon County, Wyoming, from other federally owned and managed public lands in Carbon County, Wyoming, without entering upon Plaintiff's Property.  Defendants deny all other allegations in Paragraph 16.

19. As to the allegations in Paragraph 17, Defendants admit they constructed a ladder and used that ladder to pass or travel over, through, or from one section of federally owned and managed public land in Carbon County, Wyoming, to another section of federally owned and managed public land in Carbon County, Wyoming, where the two sections of public land meet. Defendants deny that they built or used this ladder to enter upon, intrude in, or otherwise use or affect Plaintiff's Property.  Defendants admit that they built and used this ladder to assist them as they hunted on federally owned and managed public land and that some of the public lands they hunted were adjacent to some sections of land owned by Plaintiff.

20. As to the allegations in Paragraph 18, Defendants state that Paragraph 18 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

21. As to the allegations in Paragraph 19, Defendants state that Paragraph 19 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

22. As to the allegations in Paragraph 20, Defendants deny.

23. As to the allegations in Paragraph 21, Defendants deny.

24. As to the allegations in Paragraph 22, Defendants deny.

/ / /

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

25. In response to Paragraph 23, Defendants repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

26. As to the allegations in Paragraph 24, Defendants state that Paragraph 24 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

27. As to the allegations in Paragraph 25, Defendants admit that Plaintiff is the owner of the real property described in Exhibit 1 attached to Plaintiff's Complaint (ECF No. 2), but Defendants otherwise state that Plaintiff's allegations about the ownership of the airspace above the surface of such real property contain legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

28. As to the allegations in Paragraph 26, Defendants state that Paragraph 26 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

29. As to the allegations in Paragraph 27, Defendants state that Paragraph 27 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

30. As to the allegations in Paragraph 28, Defendants state that Paragraph 28 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

31. As to the allegations in Paragraph 29, Defendants state that Paragraph 29 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

32. As to the allegations in Paragraph 30, Defendants state that Paragraph 30 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

33. As to the allegations in Paragraph 31, Defendants state that Paragraph 31 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

34. As to the allegations in Paragraph 32, Defendants state that Paragraph 32 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

35. As to the allegations in Paragraph 33, Defendants state that Paragraph 33 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

36. As to the allegations in Paragraph 34, Defendants state that Paragraph 34 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

37. As to the allegations in Paragraph 35, Defendants state that Paragraph 35 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

38. As to the allegations in Paragraph 36, Defendants state that Paragraph 36 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

39.     As to the allegations in Paragraph 37, Defendants state that Paragraph 37 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

### SECOND CLAIM FOR RELIEF—CIVIL TRESPASS, INJUNCTION

40.     In response to Paragraph 38, Defendants repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

41.     As to the allegations in Paragraph 39, Defendants admit.

42.     As to the allegations in Paragraph 40, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of these allegations and so deny the same.

43.     As to the allegations in Paragraph 41, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of these allegations and so deny the same.

44.     As to the allegations in Paragraph 42, Defendants state that Paragraph 42 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

45.     As the allegations in Paragraph 43, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of whether Plaintiff was in lawful possession, custody, and control of the Property during any specific period of time and so deny the same. Defendants otherwise deny that they entered upon the Property by passing or traveling over or through one section of federally owned and managed public land to another section of federally owned and managed public land where these sections are adjacent to Plaintiff's Property. Defendants further deny that they knew or believed they were entering or crossing Plaintiff's Property at any time.

46. As to the allegations in Paragraph 44, Defendants state that Paragraph 44 contains legal conclusions to which no responsive pleading is required and, to the extent any responsive pleading is required, Defendants deny the same.

47. As to the allegations in Paragraph 45, Defendants deny that they entered upon or across Plaintiff's Property. Defendants admit that they did not have Plaintiff's permission, consent, or acquiescence to enter Plaintiff's Property.

48. As to the allegations in Paragraph 46, Defendants deny that they entered upon or across Plaintiff's Property and they further deny that they willfully, purposefully, knowingly, or intentionally entered upon or across Plaintiff's Property. Defendants admit that two posts were installed on Plaintiff's Property displaying the words "No Trespassing," that these posts faced the section of federally owned and managed public land, and that these posts were chained together with a padlock obstructing free transit or passage from one section of public land to the other adjacent section of public land. Defendants deny any and all other allegations as well as any implications that may drawn from any of the allegations present in Paragraph 46.

49. As to the allegations in Paragraph 47, Defendants deny that they violated Plaintiff's property rights or that they acted "maliciously and oppressively" toward Plaintiff at any time. Defendants further deny that they committed any kind or form of trespass, including a so-called "'corner crossing' trespass." Defendants admit that they had knowledge of the location of public and private property boundary lines.

50. As to the allegations in Paragraph 48, Defendants deny.

51. As to the allegations in Paragraph 49, Defendants deny.

52. As to the allegations in Paragraph 50, Defendants deny.

53. As to the allegations in Paragraph 51, Defendants deny.

54. As to the allegations in Paragraph 52, Defendants deny.

55. As to the allegations in Paragraph 53, Defendants deny.

**AFFIRMATIVE DEFENSES**

Defendants hereby state the following affirmative defenses to Plaintiff's *Complaint*:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff is now violating and has, at all times relevant to its claims in the *Complaint*, violated existing federal law, 43 U.S.C. §§ 1061 *et seq.*, by unlawfully enclosing public lands and/or by using force, threats, intimidation, and other unlawful means to prevent or obstruct Defendants, as members of the public, from peaceably entering upon, freely passing over or through, or freely traveling over or through the public lands.

3. Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claims depend upon a right to exclusive use of or control over access to public lands that is being advanced without appropriate claim, color of title, or legitimate assertion of right.

6. Defendants' conduct is and was justified.

7. Plaintiff has suffered no damages.

8. There is no basis for Plaintiff to recover costs or attorneys' fees from Defendants.

9. Defendants have been required to retain the legal services of Ryan A. Semerad, Esq., and may be required to retain other legal counsel in the future to defend against these claims and Defendants are entitled to an award of its reasonable attorneys' fees and costs.

10. Some of the foregoing affirmative defenses have been pleaded for purposes of non-waiver. Defendants reserve the right to add additional affirmative defenses as the bases for the same are revealed during discovery.

## DEMAND FOR TRIAL BY JURY

Defendants demand a jury trial on any and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's *Complaint* and asserted affirmative defenses, Defendants respectfully request that this Court:

A. Dismiss Plaintiff's *Complaint* with prejudice, and order that Plaintiff shall take nothing thereby;

B. Order that Plaintiff's claims are forever barred;

C. Order that Plaintiff's Prayer for Relief be denied with prejudice;

D. Permanently enjoin Plaintiff from any future enclosure of public lands or other obstruction that prevents access to public lands from other, adjacent sections of public lands;

E. Declare that Defendants, as members of the public engage in lawful activities, were and are permitted under federal law, 43 U.S.C. §§ 1061 *et seq.*, to peaceably and freely travel or pass over or through one section of public land to another, immediately adjacent section of public land where the two sections of public land physically meet;

F. Declare that Plaintiff, as a private entity without claim, color of title, legal ownership, or other exclusive claim to the public lands, is prohibited from engaging in any conduct that amounts to an enclosure of public lands or other unlawful obstruction to free transit or passage over or through the public lands for lawful purposes;

      G.      Declare that Plaintiff has no property or other right or interest upon which it may bring or raise any claim for trespass or other legal infringement against another person for seeking access to or for accessing a section of public land from another, immediately adjacent section of public land where the two sections of public land meet; and

      H.      Award Defendants their attorneys' fees and costs as permitted by law.

Dated: July 29, 2022.　　　　　　　　　　THE FULLER & SEMERAD LAW FIRM

                                                          By: */s/Ryan A. Semerad*
                                                          Ryan A. Semerad, Esq.
                                                          Wyoming State Bar No. 7-6270
                                                          242 South Grant Street
                                                          Casper, Wyoming 82601
                                                          Telephone: 307-265-3455
                                                          Facsimile: 307-265-2859
                                                          Email: semerad@thefullerlawyers.com

                                                          *Attorney for Defendants Bradley H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky*

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of July, 2022, I electronically filed the foregoing instrument with the Clerk of the Court for the United States District Court for the District of Wyoming by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Ryan A. Semerad
The Fuller & Semerad Law Firm