UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, </br></br>    Plaintiff, </br></br>    vs. </br></br> BRADLY H. CAPE, an individual, </br> ZACHARY M. SMITH, an individual, </br> PHILLIP G. YEOMANS, an individual, and </br> JOHN W. SLOWENSKY, an individual, </br></br>    Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )   Case No. 22-CV-00067-SWS </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT & CIVIL TRESPASS**

COMES NOW Plaintiff, Iron Bar Holdings, LLC, by and through its undersigned attorneys, Pence and MacMillan LLC, and for its complaint against Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky hereby states and alleges as follows:

**INTRODUCTORY STATEMENT**

This case is a declaratory judgment and civil trespass action in which Plaintiff seeks a declaration from the Court that Defendants committed a civil trespass on real property owned by Plaintiff. Defendants carried out a so-called "corner crossing" by which they intentionally and

1

knowingly traveled from real property managed by the United States Department of Interior Bureau of Land Management ("BLM"), across Plaintiff's real property and then onto BLM-managed land in an area of Carbon County, Wyoming commonly known as the "checkerboard." In the checkerboard area, two sections of privately-owned real property lie diagonally adjacent to two sections of federal public land managed by the BLM.  Defendants used a custom-built device to cross from one section of BLM-managed land, across Plaintiff's two sections of private land, and then onto an adjacent BLM-managed section of land.  Upon information and belief, Defendants contend that they have a right to carry out the "corner crossing," which Plaintiff denies.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Iron Bar Holdings, LLC, is a North Carolina limited liability company registered to do business in Wyoming.  Said Plaintiff owns certain real property located in Carbon County, Wyoming.  Plaintiff Iron Bar Holdings, LLC sometimes does business as Elk Mountain Ranch.

2. Upon information and belief, Defendant Bradly H. Cape, date of birth 1991, is of-age, is an individual natural person, and is a resident of the state of Missouri.

3. Upon information and belief, Defendant Zachary M. Smith, date of birth 1998, is of-age, is an individual natural person, and is a resident of the state of Missouri.

4. Upon information and belief, Defendant Phillip G. Yeomans, date of birth 1971, is of-age, is an individual natural person and is a resident of the state of Missouri.

5. Upon information and belief, Defendant John W. Slowensky, date of birth 1974, is of-age, is an individual natural person, and is a resident of the state of Missouri.

6. A dispute, case, and controversy exist between Plaintiff and Defendants.

7. This Court has jurisdiction over this action pursuant to Article 5, Section 10 of the Wyoming Constitution and Wyo. Stat. Ann. § 1–37–102.

8. The real property and property rights that are the subject of this action are located in Carbon County, Wyoming.

9. Venue is appropriate in Carbon County, Wyoming by virtue of Wyo. Stat. Ann. §§ 1-5-101, 1-5-104, and 1-5-107.

**GENERAL ALLEGATIONS**

10. Plaintiff restates each and every allegation contained in Paragraphs 1 through 9 above as if fully set forth herein.

11. Plaintiff owns certain real property located in Carbon County, Wyoming (hereinafter the "Property"), as set forth in Exhibit 1, attached hereto and incorporated herein by this reference.

12. At all times relevant hereto, Plaintiff owned, controlled, and possessed the Property where Defendants committed a criminal trespass and a civil trespass.

13. Plaintiff's Property in question is fenced and/or posted.

14. Several No Trespassing signs are located on Plaintiff's Property, clearly visible to others, to attempt to keep unauthorized persons from entering the Property.

15. Defendants have no right, title, or interest of any type or nature in Plaintiff's Property, whether as owners, equitable owners, easement owners, guests of the BLM, invitees of the BLM, tenants, users, corner-crossers, possessors, members of the public, or otherwise. Defendants have no right or privilege, whether express or implied, to use and/or access the BLM-managed lands by crossing Plaintiff's Property.

16. On or about September 26-30, 2021, Defendants entered upon and across Plaintiff's Property by way of a "corner crossing" in order to hunt big game animals. Upon information and belief, Defendants may have entered upon and across Plaintiff's Property on other dates, to be determined during the course of discovery in this matter. "Corner crossing" occurs when two pieces of public land diagonally share a corner with two pieces of private land, and a person crosses from one piece of public land, diagonally across the two parcels of private property, and onto an adjacent piece of public land. In order to carry out a "corner crossing," the person must physically travel across the privately-owned real property.

17. Specifically, Defendants built a ladder-like device and used said device to cross two sections of Plaintiff's Property in order to hunt on an adjacent BLM-managed section of real property.

18. Similar to the actions described in ¶ 16 above, upon information and belief Plaintiff alleges that one or more of the Defendants entered upon and across Plaintiff's Property in the fall 2020 big game hunting period in September and/or October in order to hunt big game animals.

19. Plaintiff has a right to exclusive control, use, and enjoyment of its Property, which includes the airspace at the corner, above the Property. For purposes of this Complaint and under controlling law, the Property includes the airspace above the surface of the land, the surface of the land, and the subsurface below.

20. Plaintiff owns and controls the airspace above its real property, and is entitled to exclude others from the use of that airspace by a "corner crossing."

21. Defendants knowingly, intentionally, and purposely interfered with Plaintiff's right to use, control, and enjoy its Property by "corner crossing" through the Property and trespassing across the Property, even if Defendants did not step onto the surface of the Property.

22. Defendants' intentional entry upon the Property was committed without Plaintiff's permission or acquiescence and was a trespass upon the Property.

23. As a result of Defendants' trespass upon Plaintiff's Property, Plaintiff has suffered damages in an amount to be proven at trial, in an amount exceeding the minimal jurisdictional limit of this Court, plus costs, expenses, and fees.

### FIRST CLAIM FOR RELIEF--DECLARATORY JUDGMENT

24. Plaintiff restates each and every allegation contained in Paragraphs 1 through 23 above as if fully set forth herein.

25. This Court has jurisdiction over this action under the provisions of the Wyoming Uniform Declaratory Judgments Act, Wyo. Stat. Ann. § 1-37-101 et seq., in that Plaintiff is a person interested in determining its rights pertaining to real property upon which Defendants have trespassed, and desires to obtain a declaration of its rights with respect to Defendants' conduct at issue herein.

26. Plaintiff was and is, and at all times relevant to this Complaint, the owner of the real property described in Exhibit 1 hereto, including but not limited to the airspace above the surface of such real property.

27. A justiciable dispute, case, and controversy exists between Plaintiff and Defendants concerning the rights to and possession, use, and control of the Property, including the airspace. By Exhibit 1 hereto, Plaintiff has provided sufficient evidence of its ownership, control, and

possessory interest in the Property, and Defendants' actions in carrying out a "corner crossing" is a trespass upon the Property.

28. Entry of a declaratory judgment by this Court will serve to remove uncertainty and terminate the controversy between the parties, and will resolve those issues relevant to title, possession, and rights concerning the Property at issue.

29. Adjudication by the Court of the dispute, case, and controversy will resolve any legal questions as to the ownership, possession, and control of the airspace above Plaintiff's Property and will confirm that Defendants had no right to cross the Property and to carry out a "corner crossing."

30. The Court should enter a declaratory judgment as to the parties' respective rights and obligations in the subject matter of this litigation.

31 Defendants have no right to own, possess, control, use, interfere with, or cross (even temporarily) Plaintiff's Property. The Court should declare as such.

32. Defendants have no express or implied right of access or easement upon or across Plaintiff's Property to get to adjoining public lands. The United States Supreme Court rejected such an argument when made by the United States government, regarding lands in the checkerboard in Wyoming; if the United States has no such right, then certainly no private citizen has such a right.

33. Defendants have no right, title, or interest of any type of nature in the Property owned by Plaintiff, whether as owners, equitable owners, easement owners, guests of the BLM, invitees of the BLM, tenants, users, corner-crossers, possessors, members of the public, or otherwise. The Court should declare as such.

34. The Court should declare that none of the Defendants have a right or privilege to cross or otherwise demand entry upon or across Plaintiff's Property.

35. The Court should require Defendants to account for and describe in detail any act or omission that any one of them has taken at any time with respect to Plaintiff and/or its real property.

36. The Court should declare that any act or omission taken by any of the Defendants with respect to ownership, authority to enter, cross, use, and/or control of the Property was done without legal authority and was void *ab initio*.

37. The Court should declare that Defendants trespassed upon Plaintiff's Property and caused damage to Plaintiff thereby, both in 2020 and 2021.

38. The Court should enter an order requiring Defendants to pay damages to Plaintiff in an amount to be proven at trial, plus costs, expenses, and fees as may be allowed by law.

**SECOND CLAIM FOR RELIEF--CIVIL TRESPASS, INJUNCTION**

39. Plaintiff restates each and every allegation contained in Paragraphs 1 through 38 above as if fully set forth herein.

40. Plaintiff was and is, and at all times relevant to this Complaint, the owner of the Property described in Exhibit 1 hereto.

41. Plaintiff was and is, and at all times relevant to this Complaint, the exclusive owner, occupier, possessor, and controller of the Property, with a right to exclude others therefrom.

42. At all times relevant herein, Plaintiff was in lawful and exclusive possession and control of the Property.

43. At all times relevant hereto, none of the Defendants possessed any right, privilege, title, or interest of any type of nature in the Property owned by Plaintiff, whether as owners, easement owners, equitable owners, guests of the BLM, invitees of the BLM, tenants, possessors, users, corner-crossers, possessors, members of the public, or otherwise.

44. On or about September 26-30, 2021, and also in September – October 2020, while Plaintiff was in lawful possession, custody, and control of the Property, Defendants made an unauthorized, willful, and intentional entry upon the Property by way of a "corner crossing," knowing they were crossing Plaintiff's Property.

45. The ability of Defendants to be upon and use public lands does not carry or include any right or privilege whatsoever, whether express or implied, to cross private property to get to adjoining public lands.

46. Defendants' unauthorized entry upon and across the Property was made without Plaintiff's permission, consent, or acquiescence.

47. Defendants' unauthorized entry upon and across the Property was willful, purposeful, knowing, and intentionally done, as the Property was fenced or posted, and "No Trespassing" signs were posted in a plain and visible manner in the area in question.

48. In violating Plaintiff's property rights, Defendants acted maliciously and oppressively toward Plaintiff in that at all times prior to, during, and after Defendants committed such "corner crossing" trespass, the Defendants had knowledge of the location of the public and private property boundary lines.

49. Defendants' unauthorized entry and trespass clouds the title to Plaintiff's Property and Plaintiff has suffered damages for interference with the exclusive use, possession, and control of such Property, in an amount to be proven at trial.

50. As a direct and proximate result of Defendants' actions, Plaintiff suffered and will continue to suffer damage for the loss of the use, custody, possession, and control of the Property as long as Defendants continue or threaten to continue unauthorized entry and trespass upon and across Plaintiff's Property.

51. Unless Defendants are compelled to cease from trespassing on Plaintiff's Property and violating Plaintiff's property rights, Plaintiff will suffer irreparable injury.

52. The Defendants are actively carrying out a campaign to solicit funds to defend their improper and unlawful actions, and upon information and belief may intend to encourage other persons to carry out unlawful "corner crossings" upon Plaintiff's Property.

53. The Court should enter an order requiring Defendants to pay damages to Plaintiff in an amount to be proven at trial.

54. The Court should enter an order restraining Defendants from carrying out any "corner crossings" across Plaintiff's Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor as follows:

A. The Court should declare that Defendants have no ownership interest, privilege, or right to control, use, possess, or cross the real property owned by Plaintiff.

B.      The Court should enter a declaratory judgment as described in the First Claim for Relief set forth above, in favor of Plaintiff.

C.      The Court should enter an order requiring Defendants to account for any act or omission taken with respect to the Property.

D.      The Court should enter an order requiring Defendants to pay damages to Plaintiff, in an amount to be proven at trial, for trespassing upon and interfering with Plaintiff's use, control, possession, and enjoyment of the Property.

E.      To the fullest extent, the Court should require Defendants to pay the attorneys' fees, costs, and expenses incurred by Plaintiff in this litigation, as may be allowed by law.

F.      The Court should provide other just and appropriate relief to Plaintiff, the premises considered.

DATED this 1st day of November, 2022.

            /s M. Gregory Weisz
M. Gregory Weisz, Wyo. Bar No. 6-2934
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 634-0336 fax
gweisz@penceandmac.com
Plaintiff's Attorneys