Crystal D. Stewart, Wyo. Bar No. 7-6057
M. Gregory Weisz (Wyo. Bar #6-2934)
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003-0765
Phone:   (307) 638-0386
gweisz@penceandmac.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 22-CV-00067-SWS |
| BRADLEY H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE TO OTHER PARTY OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION TO JAMES HASSKAMP

PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 45(a)(4), that Crystal D. Stewart of

Pence and MacMillan LLC intends to serve a Subpoena to Produce Documents, Information, or

Objects in a Civil Action, in the form attached hereto, and pursuant to Wyoming law, on James A.

Hasskamp, 130 Aster Street, Casper, Wyoming 82604, as soon as service may be effectuated.

1

Dated this 15th day of November, 2022.

Crystal D. Stewart, Wyo. Bar No. 7-6057
M. Gregory Weisz, Wyo. Bar No. 6-2934
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 634-0336 fax
cstewart@penceandmac.com
gweisz@penceandmac.com
Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2022, a true and correct copy the above and foregoing document was served by CM/ECF upon the following:

Ryan A. Semerad
The Fuller-Semerad Law Firm
242 South Grant Street
Casper, WY 82601
*Defendants' Attorney*

Lee Mickus
3200 Cherry Creek Drive South
Suite 380
Denver, CO 80209
*Attorney for Defendants*

Patrick J. Lewallen
Trevor J. Schenk
Chapman Valdez & Lansing
P.O. Box 2710
Casper, WY 82602
*Attorneys for Backcountry Hunters*

Eric B. Hanson
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
*Attorneys for Backcountry Hunters*

Karen Budd-Falen
Rachael L. Buzanowski
Budd-Falen Law Offices, LLC
P.O. Box 346
Cheyenne, WY 82003-0346
*Attorneys for Wyoming Stockgrowers Association and Wyoming Wool Growers Association*

Pence and MacMillan LLC

Crystal D. Stewart, Wyo. Bar No. 7-6057
M. Gregory Weisz, Wyo. Bar No. 6-2934
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003-0765
Phone: (307) 638-0386
gweisz@penceandmac.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 22-CV-00067-SWS |
| BRADLEY H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION

TO:     James A. Hasskamp
        130 Aster Street
        Casper, WY 82604

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1. A copy of your March 30, 2022 Affidavit and supporting materials that were provided to United States Attorney Nicholas Vassallo or in relation to the issues giving rise to the above-captioned litigation. The attached letter from the United States Attorney is incorporated herein by this reference, this request is meant to encompass any documents in your possession related to the referenced Affidavit;

2. Any document, paper, letter, note, writing, e-mail message, text message, social media posting, or other such similar communication between you and any of the Defendants in this action or their agents, attorneys, or representatives;

3. Any document, paper, letter, note, writing, e-mail message, text message, social media posting, or other such similar communication between you and any other person, company, organization, entity, group, or government agency concerning the issues giving rise to the Affidavit described in ¶ 1 above and/or the subject matter of this litigation; and

4. Any document, paper, letter, note, writing, e-mail message, text message, social media posting, or other such similar communication between you and any other person concerning Plaintiff's supposed efforts to obstruct or impede free access, transit, or passage over or though public lands adjacent to Plaintiff's private property in Carbon County, Wyoming.

Said documents are to be produced to Pence and MacMillan LLC, **no later than November 29, 2022** in the above-entitled case. This information may be mailed or e-mailed to:

Pence and MacMillan LLC, P.O. Box 765, Cheyenne, WY 82003; cstewart@penceandmac.com.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated this 15th day of November, 2022.

ISSUED ON BEHALF OF THE COURT BY:

_____
Crystal D. Stewart, Wyo. Bar No. 7-6057
M. Gregory Weisz, Wyo. Bar No. 6-2934
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 634-0336 fax
cstewart@penceandmac.com
gweisz@penceandmac.com
Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2022, a true and correct copy the above and foregoing document was served by CM/ECF upon the following:

Ryan A. Semerad
The Fuller-Semerad Law Firm
242 South Grant Street
Casper, WY 82601
*Defendants' Attorney*

Lee Mickus
3200 Cherry Creek Drive South
Suite 380
Denver, CO 80209
*Attorney for Defendants*

Patrick J. Lewallen
Trevor J. Schenk
Chapman Valdez & Lansing
P.O. Box 2710
Casper, WY 82602
*Attorneys for Backcountry Hunters*

Eric B. Hanson
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
*Attorneys for Backcountry Hunters*

Karen Budd-Falen
Rachael L. Buzanowski
Budd-Falen Law Offices, LLC
P.O. Box 346
Cheyenne, WY 82003-0346
*Attorneys for Wyoming Stockgrowers Association and Wyoming Wool Growers Association*

Pence and MacMillan LLC

*Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)*

<u>(c) Place of Compliance.</u>
    (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
        (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
        (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
            (i) is a party or a party's officer; or
            (ii) is commanded to attend a trial and would not incur substantial expense.
    (2) For Other Discovery. A subpoena may command:
        (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
        (B) inspection of premises at the premises to be inspected.

<u>(d) Protecting a Person Subject to a Subpoena; Enforcement.</u>
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Crystal D. Stewart (Wyo. Bar No. 7-6057)
M. Gregory Weisz (Wyo. Bar #6-2934)
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003-0765
Phone:   (307) 638-0386
gweisz@penceandmac.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 22-CV-00067-SWS |
| BRADLEY H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## RETURN OF SERVICE

STATE OF WYOMING          )
                                              )
COUNTY OF _____)

        I, _____, of _____County, Wyoming do
hereby certify that I received the within Subpoena to Produce Documents, Information, or Objects
in a Civil Action in Case No. 22-CV-00067-SWS and that I served the same the _____ day of
_____, 2022, by serving the original to:
        James A. Hasskamp
        130 Aster Street
        Casper, WY 82604

by leaving same with _____ at _____Wyoming.

_____
Signature

Subscribed and sworn to before me by _____ this _____ day of _____, 2022.

Witness my hand and official seal.


_____
Notary Public

My commission expires:



**U.S. Department of Justice**

*Nicholas Vassallo*
*Acting United States Attorney*
*District of Wyoming*

| REPLY TO: CHEYENNE | P.O. Box 668<br>Cheyenne, WY 82003-0668<br>(307) 772-2124 | P. O. Box 22211<br>Casper, WY 82602-5010<br>(307) 261-5434 | P. O. Box 449<br>Lander, WY 82520-0449<br>(307) 332-8195 | P. O. Box 703<br>YNP, WY 82190<br>(307) 344-2119 |

August 30, 2022

James A. Hasskamp
130 Aster St
Casper, WY 82604

Re:   *March 30, 2022 Affidavit*

Mr. Hasskamp:

We have reviewed your affidavit and supporting materials. As to Count III, this office, with the assistance of the Bureau of Land Management, contacted the landowner and demanded that the lock and sign be removed from the gate. The landowner has complied, and we therefore consider that matter resolved.

Regarding Counts I & II, we do not consider the situation, as it currently exists, to constitute an unlawful "inclosure" of public land within the meaning of 43 U.S.C. § 1061. Consequently, it is our view that 43 U.S.C. § 1062 does not require the filing of a civil action by the U.S. Attorney.

Thank you again for bringing these matters to our attention.

Sincerely,

By:   _____

NICHOLAS VASSALLO
Acting United States Attorney