Eric B. Hanson – admitted pro hac vice
ehanson@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Counsel for Backcountry Hunters & Anglers

# UNITED STATES DISTRICT COURT

# DISTRICT OF WYOMING

| | |
|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRADLY H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual,<br><br>　　　　　　　　Defendants. | Case No. 22-CV-00067-SW |

## BACKCOUNTRY HUNTERS & ANGLERS' MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

1855052

Pursuant to Local Civil Rule 7.1(b)(2)(G), Backcountry Hunters & Anglers ("BHA") hereby moves the Court for leave to file the accompanying Brief of *Amicus Curiae* Backcountry Hunters & Anglers in the above captioned case.

Pursuant to Local Civil Rule 7.1(b)(1)(A), counsel for BHA has conferred with counsel for Plaintiff and Defendants regarding this Motion. Counsel for Defendants indicates it supports the filing of BHA's proposed *amicus* brief. Counsel for Plaintiff has indicated it neither supports nor objects to BHA's motion.

## PROCEDURAL HISTORY

BHA previously filed a motion to submit an *amicus* brief in opposition to Plaintiff's Motion for Remand. Dkt. 21. That motion had not been ruled on at the time the Court denied Plaintiff's Motion for Remand. Dkt. 22. BHA's motion was subsequently denied as moot. Dkt. 29. However, the Court indicated during the initial pretrial conference that it would entertain a subsequent amicus brief from BHA.

## STANDARD FOR MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

"Participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the court." *Tribe v. Ashe*, No. 11-CY-347-J, 2012 WL 12915483, at *2 (D. Wyo. May 18, 2012) (quoting *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc*., 2008 WL 1994914, *1 (N. D. Okla. 2008)). "An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Oklahoma ex rel. Edmondson*, 2008 WL 1994914, *1).

1855052

A party's opposition is a factor in whether to admit an *amicus*. *Id.* Here, neither party opposes BHA's brief, and defendants support it. Consequently, this factor favors allowing BHA's *amicus* brief.

Further, "although partiality is a factor to be weighed in the amicus calculus, 'there is no rule . . . that amici must be totally disinterested.'" *Id.* (quoting *James Square Nursing Home, Inc. v. Wing*, 897 F.Supp. 682, 683 (N.D.N.Y. 1995), aff'd., 84 F.3d 591 (2nd Cir. 1996)). The court in *Tribe* noted that "it has encountered few totally impartial amici, for those without some manner of stake in a case are rarely willing to spend the time and money needed to litigate it." *Id.* at 3.

## NATURE OF THE MOVEANT'S INTEREST

BHA is a non-profit that seeks to ensure North America's outdoor heritage of hunting and fishing in a natural setting through education and work on behalf of fish, wildlife, and wild places. With more than 350,000 members and supporters, and chapters in 48 states, Washington, D.C., two Canadian provinces and one Canadian territory, BHA draws support from sportsmen and -women from across the continent who share our commitment to fair and equal public access to our public lands and waters, the principles of fair chase, and the ethical pursuit of wild fish and game. One of BHA's best-known slogans is, "Keep Public Land in Public Hands." BHA's members and supporters frequently recreate on federal public lands, and consequently BHA and its members have a strong interest in seeing the issues surrounding "corner crossing" resolved to clarify the legality of moving across federal public lands that intersect private lands at a corner.

## *AMICUS CURIAE*'S EXPERTISE WILL AID THE COURT

Plaintiff claims that Defendants trespassed by moving through its airspace at a corner where public and private land intersect. Plaintiff contends that it has the right to prohibit corner

crossing because state trespass law prohibits invading its airspace. *See, e.g.*, Dkt. 2 (Complaint). Further, the Wyoming Stock Growers Association and Wyoming Wool Growers have submitted an *amicus curiae* brief also contending that the issues in this case should be resolved under state law. Dkt. 30. However, the legality of corner crossing draws on questions of federal law, and as a matter of public policy has substantial national import regarding the ability of Americans to recreate on the millions of acres of public land that are potentially inaccessible due to claims like Plaintiff's. BHA's motion is timely because the parties are still in the early stages of discovery, and its positions will be relevant to any subsequent summary judgment briefing, which the parties indicated may be dispositive in this case.

  BHA brings the national perspective of its membership and supporters – ordinary Americans who pursue recreation and solace on our shared public lands – to the issues involved in this case. One of BHA's critical missions is ensuring public access to public lands. BHA often engages with state and federal agencies on issues surrounding access and conservation. Drawing on its experience in promoting public land access, BHA respectfully submits that the attached proposed brief offers a perspective beyond that of any of the parties, which will assist the Court as it considers the issues presented in this case.

  Specifically, BHA's proposed brief brings historical context to the issue of corner crossing and provides additional policy and legal rationales that affect the public's right to access and recreate on public land. It highlights the amount of federal land across the country rendered inaccessible by allegations like Plaintiff's, and explores the legal landscape of federal law from past to present related to corner crossing, including those involving questions of trespass.

  Further, BHA's brief illustrates that federal law prohibits more than just the fencing of corners to enclose public land, as plaintiff allegedly did, but precludes any threat to free passage

1855052

over those corners. The Court's decision in this case will directly impact BHA's members and supporters, as it has the potential to clarify the legal metes and bounds of corner crossing. Given the substantial potential for a direct impact on the members of BHA, this brief brings a unique "perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997).

BHA respectfully requests the Court grant its motion to file the attached *amicus* brief.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated:  November 29, 2022

By:  */s/ Eric B. Hanson*
ERIC B. HANSON (admitted pro hac vice)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Amicus Curiae Backcountry Hunters & Anglers

1855052

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

November 29, 2022                              */s/ Eric B. Hanson*

1855052