Ryan A. Semerad, Esq.
Wyoming Bar No. 7-6270
**THE FULLER & SEMERAD LAW FIRM**
242 South Grant Street
Casper, Wyoming 82601
Telephone: 307-265-3455
Facsimile: 307-265-2859
Email: semerad@thefullerlawyers.com

Lee Mickus, Esq.
Wyoming Bar No. 7-5698
**EVANS FEARS & SCHUTTERT LLP**
3200 Cherry Creek Drive South, Suite 380
Denver, Colorado 80209
Telephone: 303-656-2199
Facsimile: 702-805-0291
Email: lmickus@efstriallaw.com

*Attorneys for Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF WYOMING**

| | |
|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, | **CASE NO.  22-cv-00067-SWS** |
| Plaintiff, | |
| vs. | |
| BRADLEY H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE OPINION TESTIMONY OF PLAINTIFF'S DESIGNATED EXPERT WITNESS JAMES H. RINEHART**

Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky (collectively, "Defendants") submit this reply brief in support of their motion to exclude the opinion testimony of Plaintiff Iron Bar Holdings, LLC's designated expert witness James H. Rinehart, pursuant to Federal Rule of Evidence 702. Mr. Rinehart's opinions testimony must be excluded because Plaintiff "fails to carry [its] burden and to establish the foundational requirements of Rule 702 by a preponderance of the evidence." *Regan v. Mountain States Water Serv., Inc.*, No. 21-CV-44-J, 2022 WL 17403510, at *3 (D. Wyo. Nov. 30, 2022).

### A.      Rule 702 Does Not Presume Admissibility of Expert Testimony.

Plaintiff's suggestion that Rule 702 "mandates a liberal standard"[1] misunderstands the applicable admissibility assessment. Although the U.S. Supreme Court observed the "'liberal thrust' of the Federal Rules," it did so in the context of comparing Rule 702 to the "rigid general acceptance requirement" for expert admission under scrutiny in that case. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 588 (1993). This comparative description should not be interpreted to imply that Rule 702 prefers a conclusion admitting proffered opinion testimony or does not establish "exacting standards of reliability." *Weisgram v. Marley*, 528 U.S. 440, 442 (2000). In fact, Judge Thomas Schroeder, Chair of the Advisory Committee on Evidence Rules' Subcommittee on Rule 702, specifically warns against reliance on characterizations rather than the requirements of Rule 702 itself:

> statements as to the "liberal thrust" of Rule 702 and "flexible" standard trial judges should apply must be contextualized. Expansion of the gatekeeper inquiry beyond *Frye*'s general acceptance test is necessarily cabined by the elements of Rule 702.[2]

---

[1] Plaintiff's Response at 3.
[2] Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039, 2060 (2020).

1

To address the confusion that some litigants and courts have developed about the actual admissibility standard embodied in Rule 702, the Advisory Committee on Evidence Rules recently approved a proposal to amend Rule 702 that adds the preponderance standard directly into the text of the rule. In doing so, the Advisory Committee seeks to prevent errors in the application of Rule 702:

> the Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702(b) and (d) – that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology – are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. <u>These statements misstate Rule 702, because its admissibility requirements must be established to a court by a preponderance of the evidence</u>.[3]

The Advisory Committee's actions "clarify how the Rule was meant to be applied since it was amended in 2000[;]" specifically, that "the burden is on the proponent to demonstrate to the Court that an expert's testimony more likely than not meets the four enumerated requirement for admissibility." *In re Anderson*, No 15-21681, 2023 Bankr. LEXIS 153, at *8-*9 (Bankr. W.D. Tenn. Jan. 19, 2023). *See also Sardis v. Overhead Door Corp*., 10 F.4th 268, 283-84 (4th Cir. 2021) (citing proposed amendment as confirming Rule 702's preponderance standard).

**B.     Federal Rule of Evidence 702, Not Wyoming Statute, Sets the Standard for Determining If Mr. Rinehart's Opinion Testimony May Be Admitted.**

Although Wyoming statute defines the phrase "material to the transaction" for purposes of determining if real estate advertisements are misleading,[4] those state law provisions have no bearing on the admissibility of Mr. Rinehart's opinions in this case. Federal Rule of Evidence 702, not Wyoming state law, provides the governing standard that controls federal courts' gatekeeping

---

[3] Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, *in* COMMITTEE ON RULES OF PRACTICE AND PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022) (emphasis added).
[4] Wyo. Stat. Ann. §§ 33-28-102(b)(xxxii), 33-28-111(a)(vi)(A).

assessment of proffered expert witnesses. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 883-84 (10th Cir. 2006) (Federal Rules of Evidence "exclusively govern" admissibility decisions in federal courts); *Ngatuvai v. Lifetime Fitness*, No. 2:16-cv-39-JNP-DBP, 2020 WL 5441442, at *10 (D. Utah Sept. 10, 2020) ("Federal Rule of Evidence 702 determines the admissibility of expert testimony in federal court.").

Plaintiff's argument that Mr. Rinehart's opinions "cannot be deemed insufficient" if he "describes the factors that [he] considered" because by doing so "the opinion expressly comports with Wyoming law," is simply misplaced.[5]  In this Court, Mr. Rinehart's analysis and opinions must be evaluated using the criteria set forth in Rule 702. *Ngatuvai*, 2020 WL 5441442, at *10. Although Mr. Rinehart's description of the factors he examined may be considered, to be admissible Plaintiff must demonstrate that his analysis meets Rule 702's enumerated reliability requirements and that he expresses opinions relevant to the claims and defenses asserted in this case.  *See Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016).

### C.   Mr. Rinehart's Opinions Are Not Relevant to the Claims for Damages Available in this Case.

For opinion testimony to be relevant, it must apply "to the facts in issue." *Hoffman v. Ford Motor Co.*, 493 F. App'x 962, 975 (10th Cir. 2012).  Here, Mr. Rinehart's opinions do not examine alleged diminution in value of Plaintiff's property <u>caused by these Defendants and that may be recovered with the claims asserted against them</u>.  Instead, as Plaintiff acknowledges, Mr. Rinehart examines "the damaging effect of corner crossing" as a general proposition.  Plaintiff's Brief at 5. By failing to focus on the impact, if any, of these Defendants' specific actions, Mr. Rinehart does not differentiate among the different agents causing the swath of alleged damages he identifies.

---

[5] Plaintiff's Response at 10.  Notably, the statute Plaintiff references for this conclusion, Wyo. Stat. Ann. §§ 33-28-102(b)(xxxii), does not relate to the reliability of a real estate professional's opinion.

3

His excessively broad sweep takes his opinions far outside the issues disputed in this lawsuit. *See RCHFU, LLC v. Marriott Vacations Worldwide Corp*., No. 16-cv-01301-PAB-GPG, 2020 WL 2839302, at *6 (D. Colo. June 1, 2020) ("Courts have excluded causation opinions where the expert has failed to differentiate between or exclude other potential causes of a plaintiff's damages."). Expert opinions that do not address the property value issues actually at issue will not assist the trier of fact and are properly excluded as irrelevant. *Cook v. Rockwell Int'l Corp*., 580 F.Supp.2d 1071, 1175 (D. Colo. 2006) (excluding property valuation opinions that were "not probative of these questions" posed by the plaintiff's specific claims).

### D. Plaintiff Has Not Demonstrated that Mr. Rinehart's Admittedly Subjective Opinions Have a Reliable Basis.

Plaintiff recognizes that real estate broker opinions such as they have submitted from Mr. Rinehart are "admittedly subjective in result, and more of an art than a science." Plaintiff's Brief at 10. *See also id*. at 9 ("making a property listing determination is better described as an art, rather than a science[.]"). But Rule 702 directs that admissibility requires that an expert present more than subjective, *ipse dixit* pronouncements. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). To pass muster under the gatekeeping requirement, an expert's opinions must be "based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge v. Cotter Corp*., 328 F.3d 1212, 1222 (10th Cir. 2003).

Plaintiff protests that "Mr. Rinehart applied his experience and generally accepted methods within his field,"[6] but fails to identify any objective factors employed by Mr. Rinehart that led to his quantified conclusion. *See* Rinehart Report at ¶¶ 36, 37 (concluding that the sale price of Plaintiff's property must be discounted by "at least thirty percent (30%) from the appraised or perceived value of the ranch" in the event that "forced corner crossing is declared legal[.]" ). Apart

---

[6] Plaintiff's Brief at 9.

4

from unidentified sources who gave unspecified answers to interview questions posed at unknown times,[7] Mr. Rinehart seemingly drew upon no other data sources in developing his opinions.

Experience-based opinions, to be admissible, must be explained by the steps and factual constraints that guide an experienced observer to reach a particular conclusion under the circumstances examined. *See RCHFU*, 2020 WL 2839302, at *5 (excluding expert who did not "explain how his experience leads to his conclusions or how he applied his experience to the facts of this case."). It is not sufficient to simply point to lengthy experience in the field, without explaining how that experience supports the expert's opinion. *Ho v. Michelin N. Am., Inc.,* 520 F. App'x. 658, 665–66 (10th Cir.2013). Where a challenged expert does not describe the basis for linking his experience to the ultimate opinion expressed, that expert is properly excluded under Rule 702. *See RCHFU*, 2020 WL 2839302, at *6 (excluding expert because his "failure to explain why, based on his experience, other potential causes for the diminution in value are inapplicable here renders his opinion unreliable."). Plaintiff has not met its burden of demonstrating that Mr. Rinehart's opinions are based on sufficient facts, result from a reliable methodology, and reflect a reliable application of the expert's methods to the facts at hand.

## CONCLUSION

Because Mr. Rinehart's opinions do not meet the requirements of Rule 702, the Court should exclude his testimony.

Dated: January 30, 2023

By: */s/ Lee Mickus*
Wyoming Bar No. 7-5698
EVANS FEARS & SCHUTTERT LLP
3200 E. Mexico Ave, Ste 1300
Denver, Colorado 80210
Telephone: 303-656-2199
Facsimile:702-805-0291
Email: lmickus@efstriallaw.com

*Attorney for Defendants*

---

[7] Rinehart Report at ¶¶24, 33.

5

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of January, 2023, I served a true and correct copy of the above and foregoing by U.S. Mail and email to the following addresses:

M. Gregory Weisz, Wyo. Bar No. 6-2934
Crystal D. Stewart, Wyo. Bar No. 7-6057
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 634-0336 fax
gweisz@penceandmac.com

*Attorneys for Plaintiff*

            */s/Lee Mickus*
            Evans Fears & Schuttert LLP