

United States Department of the Interior

OFFICE OF THE SOLICITOR    TEL. (303) 231-5353
                                             FAX (303) 231-5363

ROCKY MOUNTAIN REGION
755 PARFET STREET, SUITE 151
LAKEWOOD, CO 80215

November 5, 1997

Memorandum

To:      Jim Paugh, Realty Specialist, Wyoming State Office,
          Bureau of Land Management

From:    Lowell L. Madsen, Assistant Regional Solicitor,
          Rocky Mountain Region

Subject: Opinion re the Unlawful Enclosures of Public Lands Act

In your July 7, 1997, memorandum to me you ask two questions regarding the public's right of access to public lands in the "checkerboard" area of Wyoming. Your first question is:

> Can a person legally step over a checkerboard corner, going from one piece of public land to another, without trespassing on the cornering private lands?

This question is asked frequently since the Supreme Court ruled, in Leo Sheep Company v. United States, 440 U.S. 668 (1979), that the Government [public] does not have an implied right-of-way to cross privately owned sections of "checkerboard" lands to get to the Government-owned sections of those lands. It is based upon the idea that, because one can move diagonally across the common corner of four sections of land in the "checkerboard" area from one section of public land to another section of public land without putting one's foot on the ground within the opposite, privately owned, sections of lands, one has not physically trespassed on the private land.

The answer to the question is no. Assuming one can find the precise location of the common corner, and assuming further one can step across that corner from public land to public land, one has, nevertheless, trespassed upon the property of the owner of the opposite, private, land.

Under common law, the one who owns the surface of the ground has the exclusive right to everything which is above it. This common law rule has been codified as follows in Wyoming:

> The ownership of the space above the lands and waters of this state is declared to be vested in

2

the several owners of the surface beneath subject to the right of flight described in W.S. 10-4-303.

W.S. § 10-4-302.

Accordingly, when one steps across the point at which the four sections converge, which, "like a point in mathematics, [is] without length or width," Mackay v. Uinta Development Co., 219 F. 116, 118 (8th Cir. 1914), one trespasses on the airspace of the owner of the private lands which converge at that place.

It is of no consequence that there may not be any physical harm to the private land. "An action for trespass is an action for injury to a possessory right." TZ Land & Cattle Co. v. Condict, 795 P.2d 1204, 1207 (Wyo. 1990). (Emphasis added.)

> Specifically, trespass is the physical intrusion upon property of another without the permission of the person lawfully entitled to the possession of the real estate. . . . "One is subject to liability to another for trespass irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally * * * enters land in the possession of the other, or causes a thing or a third person to do so * * *"

Burt v. Beautiful Savior Luth. Church, 809 P.2d 1064, 1067 (Colo. App. 1990). 1/

Some individuals have suggested that stiles constructed across the common corner of four "checkerboard" sections, with both ends of the stile resting on public lands, would provide trespass-free access from one section of public land to another. Such is not the case. The stile would invade the airspace of the owner of the cornering private lands and constitute a trespass.

Your second question is:

> Can a private individual cross a fence and walk across a parcel of private land belonging to another in order to reach public land that is enclosed by the fence?

The answer to this question is no, assuming the fence has been constructed to enclose private land and not solely for the purpose of enclosing public land. Camfield v. United States, 167 U.S. 518 (1897); Leo Sheep Co. v. United States, 440 U.S. at 668.

---

1/ Although Burt is a decision issued by the Colorado Court of Appeals, it accurately summarizes Wyoming as well as Colorado law.

3

The Court quoted the following from Camfield in its Leo Sheep decision:

> So long as the individual proprietor confines his enclosure to his own land, the Government [public] has no right to complain, since he is entitled to the complete and exclusive enjoyment of it, regardless of any detriment to his neighbor; but when, under the guise of enclosing his own land, he builds a fence which is useless for that purpose, and can only have been intended to enclose the land of the Government, he is plainly within the [Unlawful Inclosures] statute, and is guilty of an unwarrantable appropriation of that which belongs to the public at large.

440 U.S. at 685. 2/

Accordingly, for the reasons set forth above, one who enters private land under the circumstance described in question two commits a trespass.

It should be noted that one who enters upon the land of another without permission may be liable criminally as well as civilly.

> (a) A person is guilty of criminal trespass if he enters or remains on or in the land or premises of another person, knowing he is not authorized to do so, or after being notified to depart or to not trespass. For purposes of this section, notice is given by:
>   (i) Personal communication of the person by the owner or occupant, or his agent, or by a peace officer; or
>   (ii) Posting of signs reasonably likely to come to the attention of intruders.
> (b) Criminal trespass is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.

W.S. § 6-3-303.

If you have additional questions regarding this matter, please let us know.

---

2/ In Camfield, the Court concluded a private land owner had violated the Unlawful Inclosures of Public Lands Act, 43 U.S.C. §§ 1061, et seq., in spite of the fact that he had constructed a fence entirely upon his own land.