M. Gregory Weisz, Wyo. Bar No. 6-2934
Crystal D. Stewart, Wyo. Bar No. 7-6057
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
gweisz@penceandmac.com
cstewart@penceandmac.com
Plaintiff's Attorneys

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, </br></br>     Plaintiff, </br></br>     vs. </br></br> BRADLY H. CAPE, an individual, </br> ZACHARY M. SMITH, an individual, </br> PHILLIP G. YEOMANS, an individual, and </br> JOHN W. SLOWENSKY, an individual, </br></br>     Defendants. | Case No. 22-CV-00067-SWS |

**PLAINTIFF'S OTHER PROPOSED FACTS**

COMES NOW Plaintiff Iron Bar Holdings, LLC, by and through its attorneys M. Gregory Weisz and Crystal D. Stewart of Pence and MacMillan LLC, and pursuant to the Court's *Initial Pretrial Order, ECF 31,* submits *Plaintiff's Other Proposed Facts* (as to which Defendants do not agree) as follows:

1.   Plaintiff Iron Bar Holdings, LLC, is a North Carolina limited liability company. Iron Bar Holdings, LLC (hereinafter "Plaintiff" or "IBH") owns real property located in Carbon County, Wyoming.  Frederic N. Eshelman is the sole member of Iron Bar Holdings, LLC. [Defendants agree with this statement; it is included here only for foundation]

2. IBH sometimes does business as Elk Mountain Ranch. [Defendants agree with this statement; it is included here only for foundation]

3. Plaintiff's real property relevant to this case is situated on the odd-numbered sections of land in: (i) Township 20 North, Range 82 West, 6th P.M., Carbon County, Wyoming, (ii) Township 20 North, Range 81 West, 6th P.M., Carbon County, Wyoming, (iii) Township 19 North, Range 81 West, 6th P.M., Carbon County, Wyoming, and (iv) Township 19 North, Range 82 West, 6th P.M. Carbon County, Wyoming. [Defendants agree with these statements; they are included here only for foundation]

4. At the intersection of Section 13/Section 14/Section 23/Section 24, Township 20 North, Range 82 West, 6th P.M., Carbon County, Wyoming, IBH posted a No Trespassing sign on two steel fence posts located on IBH real property. The No Trespassing signs were put in place by IBH in an attempt to prevent trespassing with respect to its real property.

5. IBH posted the two "No Trespassing" signs on its real property at this so-called "First Corner" on steel fence posts, clearly visible to others, including the Defendants.

6. The "First Corner" is the only corner where "No Trespassing" signs were located. Eshelman Depo. 77:9-11; 81:17-20.

7. The "No Trespassing" signs were posted at the Section 13/Section 14/Section 23/Section 24 corner to deter any trespassers on, over, or in Elk Mountain Ranch property. Grende Depo. 42:1-3. The signs were not posted to keep people from entering public land. Id. 42:1-3 ("the signs weren't to prevent anyone from passing corner to corner. They were to prevent people from trespassing on Iron Bar Holdings.") Id.

8. The signs were placed to prevent people from trespassing on private property. Id. 41:12 - 42:3; 54:15 - 55:16; 81:15-17; 81:24 - 82:4.

9. The No Trespassing signs were put up at the advice of a Wyoming Game and Fish Department employee. Id. 43:11-15; 46:7-16.

10. By grabbing the T-posts upon which the No Trespassing signs were located and swinging themselves through either Section 13 (IBH) and/or Section 23 (IBH), and into Section 24 (BLM), Cape, Smith, and Yeomans entered the airspace above IBH's real property.

11. Defendants assert a right to cross through the airspace above the surface of IBH real property to get to federal public land.

12. It would be physically impossible to cross through such corners without entering the airspace above at least one section of IBH's real property.

13. When traveling over the seven section corners described in ¶ 14 of the Stipulation of Facts agreed to by counsel for the parties of even date herewith, Defendants physically passed through the airspace situated above the surface of the IBH private property at the section corners in those seven other locations.

14. IBH has no policy regarding controlling access to public land: IBH employee Becky Englert stated that IBH practices relate only to people trespassing on "deeded ground." Englert Depo. 25:8-22; 29:9-12.

15. IBH does not try "to regulate public asset access to public claims in any way, shape, or form, or fashion." Eshelman Depo. at 52:8-11.

16. IBH *does not* assert control over public land, but asserts that IBH "should have control over who crosses *the private land*." Eshelman Depo. at 63:6-14.

17. IBH does not "confront" potential trespassers, but instead seeks to have an interaction with such persons. Id. 37:18 - 38:8; 65:4-20.

18. IBH's member Fred Eshelman has *no policy* by which he contacts law enforcement to request criminal prosecution. Id. 93:1-6.

19. IBH's member Fred Eshelman has relied on the BLM's own analysis that corner crossing through private property is not lawful. Id. 45:21-24.

20. The federal Unlawful Inclosures Act, 43 U.S.C. § 1061-1066 ("UIA") only applies to federal public lands, and thus does not apply to Location #5 identified on Plaintiff's Exhibit 8 to its motion for summary judgment. The lands in question at Location #5 are owned by the State of Wyoming and the Town of Hanna, Wyoming. No federal public lands exist at that corner.

21. Similarly, the UIA does not apply at Location 2, Location 3, and Location 4 (Exhibit 8) with respect to entry to lands owned by the State of Wyoming.

22. Defendants crossed a total of eight (8) common section corners where IBH owned the odd-numbered sections of land, and their actions in crossing each such corner were independent acts of trespass.

23. OnX Hunt data for Defendant Zachary Smith proves he used the onX Hunt application to place a "waypoint" (Waypoint 6) on IBH land in Section 19, Township 20 North, Range 81 West, 6th P.M. in September 2020, when he was hunting big game in the area.

24. Defendant Zachary Smith deleted Waypoint 6 from his onX Hunt application in October 2020, after he left the Elk Mountain area.

25. Zachary Smith failed to provide information from his onX Hunt application with respect to Waypoint 6, despite clear language in Plaintiff's requests for production for such information.

26. Although Zachary Smith deleted Waypoint 6, the response to a subpoena sent to onX Maps, Inc., the company that owns the onX Hunt application, disclosed the existence of Waypoint 6.

Plaintiff proposes the above facts, but is of course reserving the right to present other evidence and carry out cross-examination at trial on other issues that are relevant to the case at bar.

RESPECTFULLY SUBMITTED this 17th day of May, 2023.

      /s/s Greg Weisz
M. Gregory Weisz, Wyo. Bar No. 6-2934
Crystal D. Stewart, Wyo. Bar No. 7-6057
PENCE AND MACMILLAN LLC
P.O. Box 765
Cheyenne, WY 82003
(307) 638-0386
(307) 745-8669 fax
gweisz@penceandmac.com
cstewart@penceandmac.com
Plaintiff's Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2023, a true and correct copy of the above and foregoing document was served by CM/ECF upon the following:

Ryan A. Semerad, Wyo. Bar No. 7-6270
The Fuller & Semerad Law Firm
242 South Grant Street
Casper, WY 82601
*Defendants' Attorney*

Alexandria Layton
Evans Fears & Schuttert LLP
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
*Attorney for Defendants*

Lee Mickus
Evans Fears & Schuttert LLP
3900 E. Mexico Avenue, Suite 1300
Denver, CO 80210
*Attorney for Defendants*

Patrick J. Lewallen
Trevor J. Schenk
Chapman Valdez & Lansing
P.O. Box 2710
Casper, WY 82602
*Attorneys for Backcountry Hunters*

Eric B. Hanson
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
*Attorneys for Backcountry Hunters*

Karen Budd-Falen, Wyo. Bar No. 5-2647
Rachael L. Buzanowski, Wyo. Bar No. 8-6693
Budd-Falen Law Offices, LLC
P.O. Box 346
Cheyenne, WY 82003-0346
*Attorneys for Wyoming Stockgrowers Association and Wyoming Wool Growers Association*

                                                        */s/ M. Gregory Weisz*
                                                        Pence and MacMillan LLC