Ryan A. Semerad, Esq.
Wyoming Bar No. 7-6270
**THE FULLER & SEMERAD LAW FIRM**
242 South Grant Street
Casper, Wyoming 82601
Telephone: 307-265-3455
Facsimile: 307-265-2859
Email: semerad@thefullerlawyers.com

Lee Mickus, Esq.
Wyoming Bar No. 7-5698
Alexandria Layton, Esq.
Wyoming Bar No. 7-6457
**EVANS FEARS & SCHUTTERT LLP**
3900 E. Mexico Avenue, Suite 1300
Denver, Colorado 80210
Telephone: 303-656-2199
Facsimile: 702-805-0291
Email: lmickus@efstriallaw.com
         alayton@efstriallaw.com

*Attorneys for Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| IRON BAR HOLDINGS, LLC, a North Carolina limited liability company registered to do business in Wyoming, | CASE NO. 22-cv-00067-SWS |
| Plaintiff, | |
| vs. | |
| BRADLY H. CAPE, an individual, ZACHARY M. SMITH, an individual, PHILLIP G. YEOMANS, an individual, and JOHN W. SLOWENSKY, an individual, | |
| Defendants. | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY PURSUANT TO FED. R. EVID. 401, 403, AND 404(b)**

Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky (collectively, "Defendants"), through their undersigned attorneys, oppose Plaintiff Iron Bar Holdings, LLC's ("Plaintiff") *Motion in Limine to Exclude Testimony Pursuant to Fed. R. Evid. 401, 403, and 404(b)* (ECF No. 77).

## I.     INTRODUCTION

Defendants intend to have Mr. Kyle Scott, a pilot from Colorado, testify that Mr. Scott and his wife flew a helicopter or plane into public lands on Elk Mountain to hunt and yet they were still confronted and treated by Plaintiff and its agents as suspected trespassers.

Defendants assert that Mr. Scott's testimony will help show Plaintiff's motive to keep everyone off the public lands next to Plaintiff's private property on Elk Mountain, Plaintiff's intent to exclude everyone from these public lands, Plaintiff's plan and execution of its plan to exclude everyone from public lands irrespective of how they accessed those lands (foot travel, helicopter, etc.), and Plaintiff's knowledge of its motives, intent, and plan to enjoy a monopoly over these public lands. In these ways, Defendants' intended purposes for Mr. Scott's testimony are proper under FED. R. EVID. 404(b)(2).

Further, Mr. Scott's testimony makes a fact of consequence more probable—that Plaintiff's efforts do not flow from an interest in protecting private property but from Plaintiff's plan to exclude the public from the public lands on Elk Mountain in violation of federal law. Thus, this testimony is relevant.

Further still, Mr. Scott's testimony is not unfairly prejudicial to Plaintiff, nor does it confuse the issues here. Instead, Mr. Scott's testimony undermines Plaintiff's argument that this case is all about private property and all of Plaintiff's efforts to restrict, control, or eliminate "corner crossing" has nothing to do with private property and everything to do with public access

1

to the public lands on Elk Mountain. In these ways, Mr. Scott's testimony is certainly prejudicial to Plaintiff's case, but it is not unfairly so. And, rather than confuse the issues, Mr. Scott's testimony will only clarify Plaintiff's real motivations, intentions, and plan for the public lands next to its private property.

Because Defendants' use of Ms. Scott's testimony is proper and Mr. Scott's testimony is relevant and fair, this Court should deny Plaintiff's motion *in limine*.

## II.     RELEVANT FACTS

As this Court knows, Plaintiff claims that Defendants committed several trespasses when Defendants traveled on foot from one section of public land to another section of public land at a corner shared by these public lands and sections of Plaintiff's private lands. Plaintiff has claimed that such actions infringe on Plaintiff's private property rights. To this end, Plaintiff has been very vocal that its position and this case "has nothing to do with public land." *See* Plaintiff's *Memorandum in Opposition to Defendants' Motion for Summary Judgment* (ECF No. 67) ("Plaintiff's Opp. to Defendants' MSJ") at 23 (quoting F. Eshelman Depo. at 51:15-18). By contrast, Defendants maintain that Plaintiff's position and this case itself are manifestations of Plaintiff's unlawful efforts to exert total control over access to and use of the interior public lands on Elk Mountain. That is, this case has everything to do with public land.

Defendants identified Mr. Scott as a may-call witness in their previously filed *Listing of Witnesses* (ECF No. 58 at 8-9). Defendants described that Mr. Scott, if called, would testify about his personal observations and experiences while hunting on public lands on Elk Mountain next to Plaintiff's private property. *See id.* In particular, Defendants explained that Mr. Scott would testify that he piloted a helicopter or plane into these public lands, a mode of transportation that Plaintiff has always claimed afforded any person legal access to these lands. *Id.* Even still,

Plaintiff, through representatives, confronted Mr. Scott and his wife as trespassers and took other actions to undermine their hunt on these public lands. *Id.*[1]

Defendants maintain that they do not intend to introduce Mr. Scott's testimony to paint Plaintiff as an evil corporation or to argue to the jury that it should rule against Plaintiff because Plaintiff is unlikeable. Rather, Defendants intend to use Mr. Scott's testimony for proper evidentiary purposes: to show that Plaintiff harbors a motive, intent, and plan to keep everyone off the public lands on Elk Mountain no matter if they corner crossed or flew to access those lands.

### III.    MR. SCOTT'S TESTIMONY IS RELEVANT

Mr. Scott's anticipated testimony is relevant. Mr. Scott would testify that, when he and his wife flew to the public lands on Elk Mountain to hunt, their hunting trip was ruined by Plaintiff's agents who confronted Mr. Scott and his wife as trespassers, scared off game in the area, and intimidated[2] the couple into leaving the public lands without completing their hunt.

As Plaintiff recognizes, the Federal Rules of Evidence do not set a high bar for relevance. *See, e.g., United States v. Wells*, 38 F.4th 1246, 1260 (10th Cir. 2022) ("This standard [the relevance standard prescribed by F.R.E. 401] is not intended to impose a high burden to admissibility."). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

---

[1] Mr. Scott's experience is similar to the experience of a Wall Street Journal reporter and two pilots who flew into the public lands on Elk Mountain to report on this case and were themselves "challenged" by Plaintiff's ranch manager—an incident Plaintiff and its counsel have referred to during this litigation. *See, e.g.,* Michael Allen, *The Hunters, the Landowner and the Ladder That Triggered a Wyoming Showdown*, THE WALL STREET JOURNAL (Nov. 10, 2022), *available at* https://www.wsj.com/articles/hunting-land-access-dispute-wyoming-11668094125.

[2] Plaintiff correctly repeats a typo in Defendants' *Listing of Witnesses*, which used the word "intimate" rather than "intimidate." To be sure, Defendants intended to use the word "intimidate," which is a term drawn from federal law, *see* 43 U.S.C. § 1063 (prohibiting, *inter alia*, any person from preventing or obstructing peaceful entry onto public lands through "intimidation").

would be without the evidence." FED.R. EVID. 401. "As for materiality, under Rule 401 a fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998). "[T]he degree of probative value required under Rule 401 . . . sets the bar very low." *Id.* Further, FED.R. EVID. 401 "establishes that even a minimal degree of probability - *i.e.,* 'any tendency' - that the asserted fact exists is sufficient to find the proffered evidence relevant." *Id.*

Mr. Scott's testimony satisfies this very low bar. Mr. Scott's testimony concerns a fact "of consequence"—namely, whether Plaintiff's actions constituted violations of federal access laws that undermine its ability to recover against Defendants and afford Defendants a complete defense to Plaintiff's trespass claims. *See Order Denying Defendants' Motion to Dismiss* (ECF No. 23) at 5 (following *Mackay v. Uinta Develop. Co.*, 219 F. 116 (8th Cir. 1914) and concluding that "Defendants . . . may assert a violation of the UIA as part of their defense against Plaintiff's complaint.").[3]

Throughout this case, Plaintiff has repeatedly claimed that it has never enclosed, obstructed access to, or sought to otherwise control the public lands on Elk Mountain. *See* Plaintiff's Opp. to Defendants' MSJ at 22-24. Plaintiff has announced that, in its view, this case "has nothing to do with public land" and instead "is to do with my private land." *Id.* at 23. Mr. Scott's testimony will show that Plaintiff's claims and pronouncements are betrayed by Plaintiff's actions against

---

[3] Plaintiff did not seek reconsideration of this conclusion at any point during the course of this case and so this Court's prior conclusion of law on this issue should be considered binding at this stage as law of the case. *See Been v. O.K. Indus.*, 495 F.3d 1217, 1224 (10th Cir. 2007) ("[T]he 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case."); *see also Homans v. City of Albuquerque*, 366 F.3d 900, 904 (10th Cir. 2004).

Defendants <u>and others</u> to control use and enjoyment of the public lands on Elk Mountain whether or not "corner crossing" was involved. Thus, Mr. Scott's testimony is relevant here.

Plaintiff tepidly calls Mr. Scott's testimony irrelevant because it does not concern Plaintiff's interactions with Defendants. *See* Plaintiff's Motion (ECF No. 77) at 4. Plaintiff's argument fails. Plaintiff's efforts to exclude people who have flown to the public lands on Elk Mountain, a mode of travel Plaintiff has argued is legal (flight), reveal that Plaintiff's position that it has only tried to protect its private property is nothing but smoke and mirrors. Mr. Scott's testimony makes clear Plaintiff's true intent to wrest an unlawful monopoly over the public lands on Elk Mountain. In Defendants' view, this is a core issue (if not <u>the</u> core issue) in this case.

Plaintiff then argues that Mr. Scott's testimony is irrelevant because this testimony must concern the "applicability of the UIA" here. Plaintiff's Motion (ECF No. 77) at 4. Plaintiff is incorrect. Mr. Scott will not testify about the applicability of the UIA whatsoever. *See, e.g., Defendants' Listing of Witnesses* (ECF No. 58) at 8-9.

Plaintiff finally argues that Mr. Scott's testimony is irrelevant because this testimony must bear on whether the UIA "is a legitimate defense for Defendants' actions." Plaintiff's Motion (ECF No. 77) at 4-5. Plaintiff is, again, wrong. This Court has already concluded that Defendants may assert that Plaintiff has violated the UIA as a defense to Plaintiff's trespass claim. *See supra* page 4 & n. 3. Mr. Scott's testimony has nothing to do with a legal conclusion this Court has already announced.

For all these reasons, Plaintiff's request to exclude Mr. Scott's testimony because this testimony is irrelevant should be denied as unfounded.

## IV. MR. SCOTT'S TESTIMONY IS ADMISSIBLE FOR A PROPER PURPOSE UNDER RULE 404(b)(2)

Defendants intend to use Mr. Scott's testimony for proper purposes under FED.R. EVID. 404(b)(2). In particular, Defendants will use Mr. Scott's testimony to show that Plaintiff harbors a motive and intent to exclude everyone from the public lands on Elk Mountain no matter what mode of travel is used to access these lands, that Plaintiff has a plan to confront and remove any person from these lands even if they <u>did not</u> "corner cross," and that Plaintiff has knowledge that it intends to maintain exclusive rights to use and enjoy these public lands.

While evidence of other acts is prohibited when used to prove a party's character to show the party acted in conformity with that character on a particular occasion, this evidence may be introduced for a non-propensity purpose. *See United States v. Henthorn*, 864 F.3d 1241, 1247 (10th Cir. 2017). To be properly introduced, other acts evidence must satisfy the four-part test announced in *Huddleston v. United States*, 485 U.S. 681 (1988). The *Huddleston* test requires that: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant under FED.R. EVID. 401; (3) the probative value of the evidence must "not be substantially outweighed by its potential for unfair prejudice"; and (4) the trial court must, upon request, instruct the jury to consider the evidence only for the purpose for which it was admitted. *See Henthorn*, 864 F.3d at 1247.[4] Mr. Scott's anticipated testimony satisfies each part of the *Huddleston* test.

First, Mr. Scott's testimony is offered for a proper purpose—Defendants intend to use Mr. Scott's testimony to show that Plaintiff has a motive, intent, and plan to exclude all people from

---

[4]The *Huddleston* test and the general rules governing other acts evidence applies equally to civil and criminal cases. *See* Hon. Jeffrey Cole, *"Bad Acts" Evidence in Civil Cases under Rule 404(b): It's Not Just for Prosecutors Anymore*, 37 LITIG. 47, 47 (Spring 2011). The only difference is that F.R.E. 404(b)(3)'s written notice requirement applies only in criminal cases.

6

the public lands on Elk Mountain irrespective of their mode of travel. FED. R. EVID. 404(b)(2) provides an illustrative list of proper purposes. *See Old Chief v. United States*, 519 U.S. 172, 196 (1997). "Motive," "intent," "knowledge," "preparation," and "plan" are expressly recognized as proper purposes. *See* FED.R. EVID. 404(b)(2).

Second, as discussed above, Mr. Scott's testimony is relevant under FED.R. EVID. 401.

Third, the probative value of Mr. Scott's testimony carries little, if any, risk of <u>unfair</u> prejudice. "Evidence is <u>unfairly</u> prejudicial if it makes a [verdict] more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward [a party] wholly apart from its judgment as to [the merits of the party's claim or defense]." *See United States v. MacKay*, 715 F.3d 807, 840 (10th Cir. 2013) (cleaned up to address civil cases).

The Federal Rule of Evidence that corresponds to the third *Huddleston* factor is FED.R. EVID. 403, which provides that a court "may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "[I]t is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must <u>substantially</u> outweigh the evidence's probative value." *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (emphasis in the original). "The exclusion of evidence under Rule 403 'is an extraordinary remedy and should be used sparingly.'" *Henthorn*, 864 F.3d at 1256 (quoting *United States v. Brooks*, 736 F.3d 921, 940 (10th Cir. 2013)).

Mr. Scott's testimony is prejudicial to Plaintiff because it shows that Plaintiff has endeavored to block public access to public lands even in non-"corner crossing" situations. In this way, it reveals Plaintiff's true motive, intent, and plan to control the public lands on Elk

7

Mountain—not just to protect its private property. While this casts Plaintiff in an unfavorable light, all relevant evidence is inherently prejudicial to one side at trial. *See The Trial Lawyers College v. Gerry Spence's Trial Lawyers Coll. at Thunderhead Ranch et al.*, Case No. 1:20-cv-80-JMC, 2022 U.S. Dist. LEXIS 178188, at *20 (D. Wyo. Sept. 27, 2022) (citing *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)). Relevant evidence is only objectionable where it is <u>unfairly</u> prejudicial to one side and that unfair prejudice <u>substantially outweighs</u> the probative value of the evidence. *See id.* Mr. Scott's testimony has significant probative value here because it will show the jury that Plaintiff seeks to thwart public use of public lands in <u>every instance</u>, not just in "corner crossing" cases. Put another way, Plaintiff's trespass claim against Defendants is not all about protecting private property—it is part of Plaintiff's larger unlawful plan to exert total control over the public lands on Elk Mountain. *Cf.* 43 U.S.C. §§ 1061, 1063; *United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1508 (10th Cir. 1988) ("All that [the landowner] has lost is the right to exclude others, including wildlife, from the public domain – a right he never had.").

Finally, Defendants have no objection if Plaintiff requests that this Court issue a limiting instruction to the jury to consider Mr. Scott's testimony only for the purposes for which it was admitted.

For all these reasons, Defendants' intended use of Mr. Scott's testimony is proper and admissible under FED.R. EVID. 404(b)(2). Plaintiff's request to exclude Mr. Scott's testimony under FED.R. EVID. 404(b) should be denied.

V. **MR. SCOTT'S TESTIMONY IS NOT UNFAIRLY PREJUDICIAL AND WILL NOT CONFUSE THE ISSUES**

Mr. Scott's anticipated testimony is, again, not <u>unfairly</u> prejudicial and it concerns the very heart of this case—whether Plaintiff has an exclusive right to use and enjoy the public lands on

Elk Mountain and the attendant privilege to interfere with <u>any means</u> of accessing these public lands.  Contrary to Plaintiff's arguments in its motion, *see* Plaintiff's Motion (ECF No. 77) at 7-8, Mr. Scott's testimony is not objectionable under FED.R. EVID. 403.

As stated above, exclusion of relevant evidence under FED.R. EVID. 403 "is an extraordinary remedy and should be used sparingly." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).  Plaintiff lodges two objections under FED.R. EVID. 403: (1) Mr. Scott's testimony is unfairly prejudicial because Defendants will use it to "sway the factfinders in this action to decide the merits of the case on emotion"; and (2) Mr. Scott's testimony "would have the effect of confusing the issues in this matter and wasting time."  *See* Plaintiff's Motion (ECF No. 77) at 7.  Each objection is flawed.

First, as discussed, Mr. Scott's testimony is prejudicial to Plaintiff, but it is not unfairly so.  Rather, Mr. Scott's testimony simply highlights Plaintiff's true intentions about the public lands on Elk Mountain and Plaintiff's efforts to stop others from using and enjoying these lands.  This testimony is relevant to proper purposes recognized by FED.R. EVID. 404(b)(2) and helps establish Defendants' UIA defense to Plaintiff's trespass claim by showing that Plaintiff has engaged in a pattern of behavior that violates 43 U.S.C. §§ 1061 and 1063.

Second, Mr. Scott's testimony will not confuse the issues or waste time.  Mr. Scott's testimony goes directly to a fundamental issue in this case—whether Plaintiff violated the UIA such that it cannot recover from its efforts to block access to the public lands on Elk Mountain.  *See Mackay*, 219 F. at 120 ("We think, however, that a private litigant cannot recover from another for an invasion of an alleged right founded upon his own violation of the [UIA].").

9

Far from justifying an extraordinary intervention by this Court, Plaintiff's FED.R. EVID. 403-based objections to Mr. Scott's testimony struggle to get off the starting blocks. This Court should deny Plaintiff's request to exclude Mr. Scott's testimony under FED.R. EVID. 403.

## VI.   THIS COURT SHOULD DENY PLAINTIFF'S MOTION

For all the reasons provided here, Defendants ask this Court to deny Plaintiff's motion.

Dated: May 24, 2023.

THE FULLER & SEMERAD LAW FIRM

By: /s/Ryan A. Semerad
Ryan A. Semerad, Esq.
Wyoming State Bar No. 7-6270
242 South Grant Street
Casper, Wyoming 82601
Telephone: 307-265-3455
Facsimile: 307-265-2859
Email: semerad@thefullerlawyers.com

Lee Mickus, Esq.
Wyoming Bar No. 7-5698
Alexandria Layton, Esq.
Wyoming Bar No. 7-6457
EVANS FEARS & SCHUTTERT LLP
3900 E. Mexico Avenue, Suite 1300
Denver, Colorado 80210
Telephone: 303-656-2199
Facsimile: 702-805-0291
Email: lmickus@efstriallaw.com
        alayton@efstriallaw.com

*Attorneys for Defendants Bradly H. Cape, Zachary M. Smith, Phillip G. Yeomans, and John W. Slowensky*

**CERTIFICATE OF SERVICE**

I certify that on the 24th day of May, 2023, I electronically filed the foregoing instrument with the Clerk of the Court for the United States District Court for the District of Wyoming by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<em>/s/Ryan A. Semerad</em><br>The Fuller & Semerad Law Firm